■ JOSEPH A. RIGGS, JR., Appellant, v LEWIS C. KIRSCHNER, as County Treasurer of Ulster County, et al., Defendants, and JOSEPH DE LUCIA et al., Respondents.—Mahoney, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 5, 1991 in Ulster County, which, in an action pursuant to RPAPL article 15, determined, *inter alia,* that certain defendants are the owners in fee simple absolute of certain property located in the Town of Saugerties.

This is an action under RPAPL article 15 to compel a determination of claims to certain real property. The real property in dispute is located in West Camp in the Town of Saugerties, Ulster County, and is depicted as the "Remainder of John C. Sauer Farm" on a survey map. A narrow railroad right-of-way traverses the parcel in a north-south direction, effectively separating it into two pieces. The land west of the right-of-way measures approximately 0.244 acres and the property east thereof comprises approximately 32.016 acres. Defendants Joseph De Lucia, Jean De Lucia and Stephanie Denis (hereinafter collectively referred to as defendants) claim title to the subject realty by virtue of a January 1986 quitclaim deed from defendant County of Ulster which, in turn,

traces its title from a 1972 tax foreclosure sale. Plaintiff obtained his interest in the property via an October 1986 bargain and sale deed from the heirs of John C. Sauer. Concededly, the description of the property contained in defendants' deed, which is the same as that originally set forth in the 1964 Town of Saugerties Tax Assessment Roll, incorrectly describes the property as containing only *three* acres of land and incorrectly identifies two of the four abutting landowners.

While plaintiff recorded his deed after defendants, he nonetheless claims paramount title, arguing that the inaccuracies contained in defendants' deed description regarding the size of the parcel and the names of the adjoining owners preclude identification of the property with any reasonable certainty and thus render the deed void in its entirety.* Following a bench trial, Supreme Court found in favor of defendants and dismissed plaintiff's complaint. Plaintiff appeals.

We affirm. The well-established standard by which the adequacy of a tax deed description is measured is whether, notwithstanding any errors or omissions, the parcel can be identified and located with reasonable certainty *(see, e.g., Goff v Shultis,* 26 NY2d 240; *Town of Brookhaven v Dinos,* 76 AD2d 555, 561, *affd* 54 NY2d 911; *First Tower Corp. v French,* 45 AD2d 147, 152-153). It is clear from a reading of the expert testimony at trial and accompanying exhibits contained in the trial record that this standard has been met here. Simple reference to the tax map identified in the deed description and the two correct adjoining boundaries recited in the description make clear the location and acreage of the property. Moreover, uncontroverted expert testimony plainly established that with the help of extrinsic evidence, the boundary lines were sufficiently clear to permit the drawing of an accurate, certified survey.

We have reviewed plaintiff's remaining contentions and find them to be without merit. We modify the order of Supreme Court for the sole purpose of explicitly making the declaration in favor of defendants that was implicit in the court's decision *(see,* RPAPL 1521 [1]).

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to

---

* The deed description reads as follows: "3 Acres, described as Vacant, West Camp/Malden, bounded North Poplock, South Alpha Portland, East Knaus, West 9-W, against which the words 'Sauer, John' appear on the tax roll of the Town of Saugerties for the levy and collection of 1971 Taxes. Tax Map #009.003-04-19."

defendants Joseph De Lucia, Jean De Lucia and Stephanie Denis, by declaring defendants Joseph De Lucia, Jean De Lucia and Stephanie Denis to be the fee-simple owners of the subject realty, and, as so modified, affirmed.

