■ PETER H. SCHUMACHER et al., Appellants, v QUEENS COUNTY SAVINGS BANK, Respondent. [611 NYS2d 654] —In an action to recover damages for the negligent honoring of a check, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated August 10, 1992, which, upon the granting of that branch of their motion which was for summary judgment on the issue of liability and finding the defendant liable for negligence in honoring the check, awarded them nominal damages in the principal amount of 6 cents.

Ordered that the order and judgment is reversed, on the law, with costs to the defendant, the plaintiffs' motion is denied, and, upon searching the record, the defendant is awarded summary judgment and the complaint is dismissed.

The Supreme Court correctly determined that even if the defendant was negligent in honoring the subject check, the plaintiffs' loss was proximately caused not by the defendant's negligence, but by the plaintiffs' own subsequent failure to meet certain contractual obligations which they owed to third parties. However, the Supreme Court erred in finding the defendant liable and awarding nominal damages in favor of the plaintiffs, inasmuch as the defendant cannot be held liable in the absence of proof of such proximate causation *(see generally, O'Toole v Greenberg,* 64 NY2d 427; *Farinaro v State*

*of New York,* 132 AD2d 642). It is well settled that "a motion for summary judgment, irrespective of by whom it is made, empowers a court, even on appeal, to search the record and award judgment where appropriate" *(Grimaldi v Pagan,* 135 AD2d 496; *see,* CPLR 3212 [b]). Accordingly, in view of the lack of liability on the part of the defendant, summary judgment dismissing the complaint is awarded in favor of the defendant. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.