■ GERALD PICKETT, Respondent, v MARIAN WHIPPLE, Appellant, et al., Defendants. [629 NYS2d 489] —White, J. Appeal from an order of the Supreme Court (Keniry, J.), entered June 21, 1994 in Saratoga County, which denied defendant Marian Whipple's motion for summary judgment dismissing the complaint against her.

Defendant Marian Whipple (hereinafter defendant) and her deceased husband, Perry Whipple, owned a large tract of land along the Hudson River in the Town of Moreau, Saratoga County, which they subdivided. John Martel purchased two lots and in 1960, constructed a water collection and supply system on defendant's land which drew water from a natural spring and piped it to the camp he built on his property. It appears that this system was in continual use without objection from defendant from 1960 until June 3, 1992 when she wrote plaintiff, who purchased the lots from Martel in 1974, demanding that he remove said water system.

This prompted plaintiff to commence this RPAPL article 15 action wherein he claims title to the parcel where the spring and distribution system are located under various theories, i.e., adverse possession, easement by prescription, easement by implication, easement by necessity, estoppel and laches. Following discovery, defendant moved for summary judgment dismissing the complaint against her. Supreme Court denied the motion, finding an issue of fact as to whether the alleged permissive use of defendant's land was revoked. This appeal ensued.

While there are theoretical differences between adverse pos-

session and easement by prescription (2 NY Jur 2d, Adverse Possession, § 2), they depend upon the same elements; adverse, open and notorious, continued and uninterrupted use of property for 10 years (*see, Led Duke v Sommer*, 205 AD2d 1009, 1010; *Deuel v McGilton*, 199 AD2d 737, 738). Once the elements of open and continuous use for the prescribed period have been satisfied, a presumption arises that such use was hostile and the burden shifts to the defendant to show that the use was permissive (*see, Van Deusen v McManus*, 202 AD2d 731, 732; *Farley v Nilsen*, 192 AD2d 848, 850). If permissive use is established, it becomes incumbent upon the plaintiff to show that such use was transformed into an adverse one by an assertion of an adverse right that was made known to the landowner (*see, Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 860, *lv denied* 82 NY2d 656).

Here, the open and continuous use of the water system for 32 years gives rise to the presumption of hostility. We find, however, that defendant through the affidavit of Martel has established that such use was permissive. Martel states that before he constructed the system he obtained permission from Perry Whipple who never revoked it. Plaintiff has not contravened this proof. In fact, we view his evidence, conversations with Whipple who told plaintiff that the water "goes with" the camp and that he could "use it", as indicative of permissive use rather than adverse use.* Thus, we find that plaintiff's causes of action founded upon adverse possession and easement by prescription lack merit as he has not shown that he asserted a right hostile to defendant (*see, Wechsler v New York State Dept. of Envtl. Conservation, supra*, at 860; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503). Accordingly, we shall dismiss these causes of action.

The parties did not address the merits of plaintiff's four remaining causes of action; however, since it is well settled that an appellate court can search the record and award summary judgment where appropriate, we shall consider them (*see, Schumacher v Queens County Sav. Bank*, 204 AD2d 526, 527; *Carr v Perl Assocs.*, 201 AD2d 296, 297).

To establish an easement by implication it must be shown that (1) there was a unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious as to show that it was meant to

---

* As Supreme Court pointed out, this evidence would be inadmissible at trial under the Dead Man's Statute (CPLR 4519) but, nevertheless, may be considered in opposition to defendant's motion (*see, McEvoy v Garcia*, 114 AD2d 401, 402).

be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land (*see, Kusmierz v Baan*, 144 AD2d 829, 830). In the instant case, plaintiff will be unable to establish the second element since the water system was installed well after the title had been separated. Therefore, we shall dismiss the cause of action.

As for an easement by necessity, in addition to establishing unity of title, plaintiff must also show that at the time of the severance an easement over defendant's property was absolutely necessary in order to obtain access to water (*see, U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835, 838; *Astwood v Bachinsky*, 186 AD2d 949). On this issue, plaintiff states in his verified complaint that, if the water system is removed, he will have to drill a well. Further, he indicated at his pretrial deposition that some of his neighbors rely on well water rather than the spring. As it may be readily inferred from this evidence that plaintiff's reliance upon the spring for his water is a matter of convenience rather than necessity, and as it appears that he has an alternative means of obtaining water, it is evident that he will not be able to establish an easement by necessity (*see, U.S. Cablevision Corp. v Theodoreu, supra; Nieto v Ceraso*, 134 AD2d 579, 580). Hence, we will dismiss this cause of action.

In his fifth cause of action, plaintiff invokes the doctrine of equitable estoppel claiming that he would not have purchased the property were it not for Whipple's assertions regarding the availability of water. The record discloses that plaintiff spoke to Whipple after he purchased the property, thereby negating plaintiff's claim of detrimental reliance without which there can be no estoppel (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). Consequently, this cause of action is dismissed.

Lastly, we shall dismiss the cause of action predicated upon laches as the record is devoid of any proof that plaintiff was prejudiced by defendant's alleged delay in asserting her rights (*see, Dwyer v Mazzola*, 171 AD2d 726, 727; *Matter of Taylor v Vassar Coll.*, 138 AD2d 70, 73).

For these reasons, we reverse.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Marian Whipple and complaint dismissed against her.