■ HOWARD DOMENECH et al., Respondents, v DAVID DREW, Appellant, et al., Defendants. [682 NYS2d 77] —In an action to recover damages for personal injuries, etc., the defendant David Drew appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated January 8, 1998, as (1) upon reargument, adhered to so much of its prior order dated June 30, 1997, as granted the plaintiffs' cross motion for partial summary judgment against him on the issue of liability, and (2) denied that branch of his motion which was to renew the plaintiff's cross motion for partial summary judgment.

Ordered that the order is modified by deleting the provision thereof which, upon reargument, adhered to so much of its prior order dated June 30, 1997, as granted the plaintiffs' cross motion for partial summary judgment as against the defendant David Drew on the issue of liability, and substituting therefor provisions, upon reargument, vacating that portion of the order dated June 30, 1997, and denying the cross motion; as so modified, the order dated January 8, 1998, is affirmed insofar as appealed from, with costs to the defendant David Drew.

The instant action arises out of a multi-vehicle collision which allegedly resulted in serious injuries to the plaintiff Howard Domenech. Upon reargument of the plaintiffs' cross motion for partial summary judgment as against the defendant David Drew on the issue of liability, Supreme Court improperly adhered to its original determination granting the plaintiffs' cross motion.

Before Drew can be held liable for the injured plaintiff's injuries, the plaintiffs must demonstrate that Drew's negligence was a proximate cause of the injuries (*see, Dunn v State of New York,* 29 NY2d 313, 318; *Resource Fin. v National Cas. Co.,* 219 AD2d 627, 628; *Schumacher v Queens County Sav. Bank,* 204 AD2d 526). In an affidavit in support of the cross motion, the injured plaintiff stated, *inter alia,* that while stopped in traffic, his vehicle was struck from the rear by a vehicle owned by the defendant Maurice Zedeck and operated by Drew, and was then struck by a vehicle owned and operated by the defendant Cesar Zeas. In light of the injured plaintiff's affidavit, a triable issue of fact exists as to whether the injured plaintiff's injuries were proximately caused by Drew's negligence and as to the apportionment of fault as between those defendants (*see, Perez v State of New York,* 215 AD2d 740, 741 [during the liability portion of a bifurcated trial arising out of an automobile ac-

cident, the fact-finder should be concerned with the apportioning of fault among the parties whose negligence it finds to have been a proximate cause of the accident]).

In light of the foregoing, we need not consider whether the court improvidently exercised its discretion in denying that branch of Drew's motion which was for renewal of the plaintiffs' cross motion. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.