■ GERALD E. ALLEN et al., Individually and as Trustees of the GERALD ELMONT ALLEN and SHIRLEY LOUISE ALLEN TRUST, et al., Appellants, v KEITH FARRELL, Respondent. [698 NYS2d 186] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted judgment declaring that

defendant has a prescriptive easement in the driveway running along the easterly boundary of plaintiffs' land. The court erred in admitting, over defendant's objection based upon the Dead Man's Statute (CPLR 4519), the testimony of plaintiff Gerald Elmont Allen concerning his conversation with Marian Gray in 1982 in which he allegedly asserted his rights in the driveway and granted Gray permission to use it. That testimony was proscribed by the Dead Man's Statute (*see, Pickett v Whipple*, 216 AD2d 833, 834, n), and defendant did not waive his right to have the testimony excluded (*see, Matter of Wood*, 52 NY2d 139, 144-147; *see generally*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY Book 7B, CPLR C4519:6). Despite its erroneous admission of that testimony, the court nevertheless properly found that Gray's use of the driveway between 1974 and 1992 was adverse, open and notorious, continuous and uninterrupted and that defendant, tacking on as Gray's grantee, acquired a prescriptive easement (*see*, RPAPL 311; *Beutler v Maynard*, 80 AD2d 982, *affd* 56 NY2d 538; *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512). Further, we reject plaintiffs' contentions that Gray's use of the driveway was in common with the general public (*cf., Lyon v Melino*, 214 AD2d 992, 993) and that the award of damages to plaintiffs is inadequate. (Appeal from Judgment of Supreme Court, Livingston County, Cicoria, J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.