■ Joyce C. Longshore, Appellant, v Hoel Pond Landing, Inc., Respondent, et al., Defendants. [727 NYS2d 518] —Crew III, J. Appeals from an order and judgment and amended judgment of the Supreme Court (Moynihan, Jr., J.), entered September 3, 1999 in Franklin County, *inter alia*, upon a verdict rendered in favor of plaintiff.

In 1994 plaintiff, the owner of real property located on Hoel Pond in the Town of Santa Clara, Franklin County, commenced this action against defendants to quiet title claiming that she had acquired title to a certain dock by adverse possession.* Following joinder of issue and certain motions, a jury trial ensued and, at the close of plaintiff's evidence, Supreme Court granted a motion by defendant Hoel Pond Landing, Inc. (hereinafter defendant) to dismiss plaintiff's claim of adverse possession. At the same time, Supreme Court granted plaintiff's motion to amend her complaint to include a claim for a prescriptive easement. At the close of all the evidence, the jury returned a verdict for plaintiff finding that she had acquired a prescriptive easement over defendant's land and to the dock. Plaintiff now appeals contending, *inter alia*, that Supreme Court erred in dismissing her adverse possession claim.

Viewing the evidence in the light most favorable to plaintiff, as we must (*see, Baker v Shepard,* 276 AD2d 873, 874-875), the record reveals that plaintiff purchased from defendant's predecessor in title, Charles Vosburgh, a camp on Hoel Pond that was accessible only by boat. Plaintiff had a dock constructed on

* In addition to defendant Hoel Pond Landing, Inc., plaintiff named as defendants Bernard R. Lipinskas, president of defendant corporation, as well as John Doe and Jane Doe. Prior to trial, however, plaintiff voluntarily discontinued her claims against the individual defendants.

her lot, and Vosburgh told plaintiff that she could use his dock, located at Hoel Pond landing, to access her lot if she would permit him to use her dock to market the remaining lots on the pond owned by him. As various other persons purchased lots on the pond, they likewise used the dock at Hoel Pond landing to access their lots. The record makes plain that plaintiff principally, if not solely, maintained such dock and rebuilt it entirely in 1974 and 1988. Nevertheless, the record also makes clear that following each occasion that plaintiff rebuilt the dock, other owners of lots on the pond continued to use the dock for ingress and egress to their properties. In 1989, following Vosburgh's death, the lot owners formed defendant corporation and purchased from the Vosburgh estate the property upon which the dock was situated. Thereafter, sometime in 1994, defendant apparently began interfering with plaintiff's use of the dock and, as a consequence, plaintiff commenced the instant action.

A claim of adverse possession requires a showing by clear and convincing evidence that the claimant's possession was hostile, under a claim of right, actual, open and notorious, exclusive of any other right and continuous for a period of 10 years (see, Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159). Moreover, when use "has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (Hinkley v State of New York, 234 NY 309, 316). Finally, " 'if the first possession is by permission it is presumed to so continue until the contrary appears' " (id., at 317, quoting Lewis v New York & Harlem R. R. Co., 162 NY 202, 220).

Here, it is clear that plaintiff derived her right to use the dock in question by permission from its owner, as did other lot owners on the pond. In addition, while it is clear that plaintiff maintained the dock and actually reconstructed it on two occasions, nothing in the record reflects that the initial permissive use was repudiated or renounced. Moreover, other lot owners used the dock to access their pond properties before and after plaintiff's reconstruction of the dock, which clearly contradicts any claim of exclusive use. Accordingly, Supreme Court's order dismissing plaintiff's claim of adverse possession must be affirmed. We have considered plaintiff's remaining contentions and find them equally without merit.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order and judgment and amended judgment are affirmed, with costs.