[733 NYS2d 771]

CITY OF KINGSTON et al., Respondents, v BARBARA KNAUST et al., Appellants.

Third Department, December 6, 2001

**APPEARANCES OF COUNSEL**

*McNamee, Lochner, Titus & Williams, P. C.,* Albany (*John J. Privitera* of counsel), for appellants.

*Richard F. Riseley,* Kingston, for respondents.

**OPINION OF THE COURT**

ROSE, J.

Plaintiffs commenced this action under RPAPL article 15 and CPLR 3001 to quiet title to certain excavated caves or mines lying beneath plaintiffs' real properties in the City of Kingston, Ulster County. After various preliminary proceedings, including defendants' assertion of a counterclaim for adverse possession, plaintiffs moved for partial summary judgment. Supreme Court granted the motion and declared plaintiffs to be the owners of the subject properties including the caves. Defendants now appeal.

The properties at issue were originally part of a larger tract of land owned and mined by Newark Lime and Cement Manufacturing Company. In 1928, Newark Lime subdivided the tract by conveying a portion south of Delaware Avenue to the City for use as a public park and a portion north of Delaware Avenue to Newark Plaster Company for further mining. In 1936, Newark Plaster conveyed the northern property to Claremont Morris. Beginning in 1939, Morris and the City

separately leased portions of the subject properties to Knaust Brothers, Inc., a business that was owned by defendants' family and had been using the caves to grow mushrooms since the mid-1930s. Plaintiff Kingston Local Development Corporation (hereinafter KLDC) obtained title to a portion of the northern property as the result of a series of transfers beginning with a 1946 deed from Morris to the Ulster County Chamber of Commerce (hereinafter UCCC). Defendants' title to an adjoining three-acre parcel originated in its purchase by Knaust Brothers from UCCC in 1949. In 1964, Knaust Brothers conveyed that parcel to Katherine Knaust, who in turn conveyed it to defendants in 1983.

Defendants contend that Supreme Court should have denied plaintiffs summary judgment because of an ambiguous deed in their chain of title. Specifically, defendants assert that the inclusion of "caves under ground" in the 1949 deed means that UCCC intended to also convey the caves lying beneath other northern property than that owned by UCCC. Defendants also argue that their ownership of the parcel containing the entrance to the caves includes the right to access and use all of the caves reachable from that entrance, a right alleged to be consistent with the earlier use by both Knaust Brothers and Newark Plaster. Plaintiffs counter that their deeds are unambiguous, contain no reservations or exceptions pertaining to subterranean spaces, and establish that they are the owners of the subject property including the caves.

Supreme Court held that no rights to the caves beneath plaintiffs' lands could have been conveyed to defendants because the deeds from Newark Lime to the City and to Newark Plaster, and thereafter throughout KLDC's chain of title, make no explicit reservation of such rights in favor of Knaust Brothers. This ruling is based on long-established law in this State that a conveyance of real property includes both the air above the parcel and the earth below it, including any mines (*see, Butler v Frontier Tel. Co.*, 186 NY 486, 491-492). Thus, we agree that, as a matter of law, the 1928 deed from Newark Lime to the City and the 1957 deed from UCCC to KLDC's predecessor, which undisputedly contain no express reservation or exception, conveyed all subterranean rights as well.

Supreme Court's complementary holding that the deeds in defendants' chain of title could not have conveyed any rights to the caves beneath plaintiffs' lands is also sound, first because such rights in the southern property were not excepted from the City's deed and conveyed from Newark Lime to Newark

Plaster, the key grantor in defendants' chain of title. "A greater estate or interest does not pass by any grant or conveyance, than the grantor possessed or could lawfully convey, at the time of the delivery of the deed" (Real Property Law § 245; *see*, *Thompson v Simpson*, 128 NY 270, 285). Second, while some portion of the caves apparently lay beneath the northern property retained by UCCC in 1949 and arguably could have accompanied the 1949 conveyance of defendants' three-acre parcel from UCCC to Knaust Brothers, the descriptive language of the deed fails to express any such intent. The 1949 deed references "caves under ground," but the land which lies beneath is then specifically and unambiguously described as comprising only the three-acre parcel. As a result, defendants' contentions as to the intended scope of the earlier grants of the subject properties fail to raise a material issue of fact precluding summary judgment.

Disputing Supreme Court's assumption that the Knaust Brothers' leases governed use of the caves, defendants also challenge the court's conclusion that any adverse possession of the caves could not have matured until 10 years after the leases had expired. As to whether the leases covered use of the caves, we note that the City's 1939 lease specified that the property was leased "for the cultivation of mushrooms" while its 1949 lease stated that the property was to be "used only for the cultivation of mushrooms." The 1939 lease between Morris and Knaust Brothers similarly indicated that the contemplated use of the property was to be "for the conduct of the business of producing mushrooms." This documentary evidence contradicts defendants' conclusory allegation that the leases involved only surface uses that were incidental to the underground activities (*see*, *Marraccini v Bertelsmann Music Group*, 221 AD2d 95, 98-99, *lv denied* 89 NY2d 809). Defendants also argue that the affidavit of Herman Knaust is sufficient to raise an issue of fact as to whether the 1949 lease between the City and Knaust Brothers was renewed beyond its initial five-year term. This factual issue, however, is not determinative because other evidence, such as the letter from Knaust Brothers' attorneys to the City's Mayor in 1955, indicates that the subsequent use was permissive. Also, defendants cite no evidence that Knaust Brothers repudiated this permissive use and made their continued possession adverse at any time before cultivation of mushrooms in the caves ceased in 1965 (*see*, *Hinkley v State of New York*, 234 NY 309, 316).

As to the duration of the leases between Knaust Brothers and Morris, defendants do not dispute that the 1939 lease,

which was expressly interrelated with the concurrent lease with the City, was renewed in 1946 for an additional 10 years with an optional renewal thereafter. Thus, the undisputed evidence indicates that the use of the caves under the Morris property was permissive pursuant to the lease until at least 1956, and again defendants cite no evidence that this permissive use was ever repudiated. Since the record confirms that mushroom cultivation terminated in 1965 and the caves were thereafter abandoned with the exception of some limited use for experimental mushroom growing beginning in 1992, Supreme Court correctly concluded that the possession claimed by defendants was neither adverse nor continuous for the requisite period of time (*see, Longshore v Hoel Pond Landing*, 284 AD2d 815, 816, *lv denied* 97 NY2d 603; *Shawangunk Conservancy v Fink*, 261 AD2d 692, 695).

Due to the initial permissive use, we similarly find no merit in defendants' contention that, despite the leases, adverse possession of some portions of the caves occurred before 1956 because Knaust Brothers used underground areas extending beyond the property lines described in the leases. The mere fact that the actual use may have exceeded that contemplated in the leases fails to support defendants' claim of prescriptive use, because there is no dispute that the initial use was permissive (*see, Koursiaris v Astoria N. Dev.*, 143 AD2d 639, 640), and there is no evidence that the excessive use occurring underground was somehow open and notorious as to landowners on the surface. The newspaper and magazine articles cited by defendants fail to raise an issue of fact on the issue of notice because while they may reflect a general public awareness of the mushroom growing operations, they in no way suggest that the subterranean area being used was known to exceed the leases' boundary lines.

We have considered defendants' remaining arguments and find them to be either without merit or rendered academic by our resolution of the issues discussed above. Accordingly, we find no error in Supreme Court's determination that plaintiffs are the owners of record of the properties, including the caves lying beneath, and that defendants failed to raise a material issue of fact as to their counterclaim.

MERCURE, J. P., SPAIN, CARPINELLO and MUGGLIN, JJ., concur.

Ordered that the order and judgment is affirmed, with costs.