■ STEVEN ROPITZKY et al., Respondents, v RUSSELL A. HUN-GERFORD, Appellant, et al., Defendants. [812 NYS2d 682]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered January 31, 2005 in Saratoga County, which, inter alia, partially granted plaintiffs' cross motion for summary judgment.

This action stems from a controversy over a 100-foot-wide strip of land (hereinafter the disputed parcel) off County Route 76 in the Town of Stillwater, Saratoga County. Plaintiffs are the record owners of both the disputed parcel and the numerous acres that lie beyond it. After an unsuccessful attempt by defendant Russell A. Hungerford (hereinafter defendant) to subdivide his contiguous parcel in which he included the disputed parcel, plaintiffs commenced this action to, among other things, quiet title. Defendant counterclaimed, contending that he acquired the disputed parcel by adverse possession. Plaintiffs and defendant cross-moved for summary judgment and Supreme Court awarded partial summary judgment to plaintiffs on this issue. Defendant appeals and we affirm.

It is well settled that: "[a] claim of adverse possession requires a showing by clear and convincing evidence that the claimant's possession was hostile, under a claim of right, actual, open and notorious, exclusive of any other right and continuous for a period of 10 years. Moreover, when use 'has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor there-

after has assumed the attitude of hostility to any right in the real owner' " (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001] [citation omitted], *lv denied* 97 NY2d 603 [2001], quoting *Hinkley v State of New York*, 234 NY 309, 316 [1922]). Here, plaintiff Steven Ropitzky (hereinafter Steven) and his brother, Paul Ropitzky, received title to this property in 1975 when their father, Peter Ropitzky (hereinafter Peter), died. In 1992, Paul Ropitzky transferred his interest to his son, plaintiff James Ropitzky. Plaintiffs contend that in the early 1960s, Peter was approached by his neighbor, Julian Carden, defendant's predecessor in interest, for permission to place a trailer and garage on the disputed parcel; Peter granted him permission and the trailer and garage have remained there ever since. When Steven acquired title to the land, he told Carden to move the trailer and garage. Upon being reminded by Carden that Peter had granted him permission, Steven "relented in respect of [his] father's word and assented to Carden remaining on the strip." In 1987, Carden sold his property to defendant. Regardless of representations made to defendant regarding ownership of the disputed parcel, defendant's deed does not include any right to such disputed parcel and no party claims that any written permission was ever given by Peter to Carden.

In 1990, a portion of plaintiffs' property was surveyed and defendant's infringement was noted. Steven retained counsel to address the issue. Counsel's letter to defendant's attorney, dated January 7, 1991, mentioned prior discussions between the parties about a land swap or other resolution and requested communication to discuss various options. No further action was taken until this action was commenced in 2002.

Working from the precept that "if the first possession is by permission it is presumed to so continue until the contrary appears" (*Lewis v New York & Harlem R.R. Co.*, 162 NY 202, 220 [1900]; *see Hinkley v State of New York, supra* at 316), we fail to find the 1991 letter to be a clear repudiation or renouncement of an initially permissive use. Moreover, plaintiffs offered evidence that they were regularly present on the property during the relevant time and that the property was entered in 1998 by plaintiffs and a representative from the Department of Environmental Conservation to obtain approval for a logging permit. Although defendant contends that these incidents primarily affected the more remote parts of plaintiffs' property, he failed to dispute plaintiffs' contentions that they regularly traversed the disputed parcel. With defendant failing to sustain his burden to establish a question of fact regarding his claim for adverse possession (*see Longshore v Hoel Pond Landing, supra* at 816),

summary judgment was properly granted (*see City of Kingston v Knaust*, 287 AD2d 57, 61 [2001]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.