■ CHRISTOPHER F. MCGUIRE et al., Respondents, v IVIO MAZZELLA et al., Appellants. [880 NYS2d 59]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 23, 2008, which, inter alia, in an action pursuant to RPAPL article 15 to quiet title, granted plaintiffs' motion for summary judgment to the extent of declaring that they were entitled to the full frontage on Ditmars Street of 153.20 feet, unanimously affirmed, without costs.

The motion court properly determined that plaintiffs were entitled to the full frontage on Ditmars Street of 153.20 feet as described in the relevant deeds and the tax maps in effect at the time of the respective conveyances. Plaintiffs' 2002 deed unequivocally provides that the northern boundary of lot 314 (plaintiffs' lot) adjacent to the southerly side of Ditmars Street runs a distance of 153.20 feet between lot 312 on the western boundary and lot 375 (defendants' underwater lot) on the eastern boundary. Defendants' 1966 deed provides that the western boundary of the underwater lot is the high-water mark. The tax map in effect at the time of the conveyance to defendants showed that lot 314 had at least 153.20 feet of frontage on Ditmars, as did the most recent 1983 tax map. The tax maps also show that the high-water mark, defendants' western boundary, is located to the east of the disputed frontage.

The well established standard by which the adequacy of a tax map description is measured is whether, notwithstanding any errors or omissions, the property at issue "can be identified and located with reasonable certainty" (*Riggs v Kirschner*, 187 AD2d 759, 760 [1992]). There is no ambiguity concerning the boundaries set forth in the tax maps, particularly as those maps comport with the descriptions contained in the pertinent deeds.

The issue of whether the high-water mark migrated due to accretion or due to landfill need not be addressed, since the record reflects that any such landfill was, according to defendants, done by their predecessor-in-title prior to the time they acquired the property in 1966 and prior to the time the high-water mark was placed at its present location on the applicable tax map. The high-water mark on the tax map is clearly beyond the disputed frontage. Neither *City of New York v Mazzella* (50 AD3d 578 [2008]) nor *DiMino v Mazzella* (Sup Ct, Bronx County, Aug. 21, 1978, McCooe, J., index No. 15307/76) is dispositive of the issues presented herein. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.