EUGENE TAILLIE et al., Plaintiffs, and KEVIN TAILLIE, Appellant, v ROCHESTER GAS AND ELECTRIC CORPORATION et al., Respondents. [891 NYS2d 786]—

Memorandum: Plaintiffs commenced this action seeking, inter alia, a determination that they had acquired title to a portion of defendants' property by adverse possession. Contrary to the contention of Kevin Taillie (plaintiff), Supreme Court properly granted defendants' motion for summary judgment dismissing the remaining cause of action, seeking title to the property by adverse possession. The court previously had granted those parts of a prior motion by defendants that sought summary judgment dismissing the remaining causes of action.

Where, as here, "the entry upon [the property] has been by permission or under some right or authority derived from the owner[s], adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor[s] thereafter [have] assumed the attitude of hostility to any right in the real owner . . . , *for if the first possession is by permission it is presumed to so continue until the contrary appears*" (*Hinkley v State of New York*, 234 NY 309, 316-317 [1922]; *see Gallea v Hess Realty Corp.*, 128 AD2d 274, 275-276 [1987], *affd* 71 NY2d 999 [1988]; *Ropitzky v Hungerford*, 27 AD3d 1031, 1031-1032 [2006]). Here, defendants met their burden on the motion by establishing as a matter of law that two of the five elements of adverse possession were not present, i.e., that plaintiff's possession was not hostile and under a claim of right, nor did it continue for the requisite 10 years (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]). We reject the contention of plaintiff that he raised a triable issue of fact in opposition to the motion by submitting an affidavit in which he asserted that he offered to purchase the property merely to avoid litigation and that he took other actions demonstrating that his possession of the property was hostile and under a claim of right. The majority of those allegations concern actions that fall outside of the relevant 10-year period, and the remaining allegations are merely " 'an attempt to avoid the consequences of [plaintiff's] prior deposition testimony by raising feigned issues of fact' " (*Martin v Savage*, 299 AD2d 903, 904 [2002]; *see Richter v Collier*, 5 AD3d 1003 [2004]).

Plaintiff further contends that the motion should have been denied in view of the law of the case doctrine, by virtue of the

fact that the issues raised were decided when that part of defendants' prior motion with respect to the adverse possession cause of action was denied. We reject that contention, particularly because defendants' instant motion was based in part on plaintiff's deposition testimony that was not elicited until after the entry of the prior order (*see Hook v Village of Ellenville*, 46 AD3d 1318, 1319 n [2007]; *cf. Estate of Sassa v Alfieri*, 19 AD3d 361 [2005]). In addition, although we are cognizant of "the rule discouraging successive summary judgment motions" (*Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 12 AD3d 1059, 1060 [2004]), we conclude that "there was sufficient cause for defendant[s'] present motion" (*Welch Foods v Wilson*, 277 AD2d 882, 883 [2000]).

We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.