■ BELINDA CHANER, Respondent, v PAUL CALARCO et al., Appellants. [910 NYS2d 227]—

Malone Jr., J. Appeal from an order of the Supreme Court (Czajka, J.), entered December 17, 2008 in Columbia County, which, among other things, partially granted plaintiff's cross motion for summary judgment.

In 1974, plaintiff and Benjamin Autieri obtained title to a three-acre parcel in Columbia County and, over the next several years, they constructed a seasonal-use residence on it. During that time, they also constructed a driveway to provide access to the cabin. The driveway was located entirely on the adjacent six-acre parcel that was owned at the time by Autieri and his estranged wife. The construction of the driveway in that location created a strip of the six-acre parcel between the driveway and plaintiff's property line. Autieri conveyed his interest in the three-acre parcel to plaintiff in 1979 and she began cultivating

and maintaining the strip of land as her front yard, which she continued to maintain after Autieri's death in 1990. When Autieri died, his estranged wife became the sole owner of the six-acre parcel. She sold that parcel to defendants in 2005, who then removed plaintiff's landscaping, walkway and a large tree from the strip and installed tall fencing along the property line only several feet from the front door of plaintiff's residence. Plaintiff thereafter commenced this action seeking, among other things, a declaration that she obtained an easement by prescription over the driveway and that she obtained by adverse possession title to the strip of land. Following joinder of issue, defendants moved and plaintiff cross-moved for summary judgment. Supreme Court granted plaintiff's cross motion with respect to her adverse possession and prescriptive easement claims and denied defendants' motion. Defendants appeal.

Initially, with respect to plaintiff's adverse possession claim, there is no genuine disagreement that plaintiff's use of the strip of land at issue was open, notorious and continuous for the prescriptive period; the parties' dispute instead centers upon the question of whether plaintiff's use was hostile.* Typically, the use is presumed to be hostile when, as here, the other elements of adverse possession have been established (*see 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1393 [2009], *lv denied* 14 NY3d 706 [2010]; *Sadowski v Taylor*, 56 AD3d 991, 994 [2008]). Nevertheless, if it can be shown that the initial use was permissive, then " 'adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner' " (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001], quoting *Hinkley v State of New York*, 234 NY 309, 316 [1922]).

Here, in support of their motion for summary judgment, defendants produced evidence of a close and cooperative relationship between plaintiff and Autieri, who used the residence with plaintiff and helped her cultivate and maintain the strip of land, which was known to be a part of the six-acre parcel (*see Esposito v Stackler*, 160 AD2d 1154, 1155-1156 [1990]). Thus, from plaintiff's own admissions, it may be implied that plaintiff's initial use was with Autieri's permission (*see Koudellou v Sakalis*, 29 AD3d 640, 641 [2006]), which rebuts the presumption of hostility. Plaintiff offered no evidence in opposition to defend-

---

* The recent amendments to RPAPL article 5 (*see* L 2008, ch 269) are not applicable to this action; it was commenced before the amendments took effect.

ants' motion to prove that the implied permission was ever revoked or repudiated, and there is no record evidence that Autieri's wife ever took action to reclaim the strip of land from plaintiff. We are not convinced by plaintiff's claim that the use became hostile when Autieri died and his wife became the sole owner of the property inasmuch as the change in the ownership of the disputed land does not automatically alter the permissive nature of the use (*see generally Ropitzky v Hungerford*, 27 AD3d 1031, 1032 [2006]; *Longshore v Hoel Pond Landing*, 284 AD2d at 816). Because plaintiff failed to raise a triable issue of fact as to the issue of permission, defendants are entitled to summary judgment dismissing plaintiff's adverse possession claim.

Defendants are likewise entitled to summary judgment dismissing the remainder of the complaint. Although plaintiff claimed that she established an easement by prescription over the driveway, the record reflects that all landowners along the driveway—including defendants and plaintiff—were granted ingress and egress rights over the driveway by a judgment of the Supreme Court entered in November 1984. The existence of such judgment negates the element of hostility necessary to establish a prescriptive easement (*see e.g. Penn Hgts. Beach Club, Inc. v Myers*, 42 AD3d 602, 605 [2007], *lv dismissed* 10 NY3d 746 [2008]). Finally, plaintiff's remaining causes of action must be dismissed because they are premised on the assumption that plaintiff had acquired title to the disputed strip of land.

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially granted plaintiff's cross motion and denied defendants' motion; cross motion denied in its entirety, motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.