■ RICHARD B. WILCOX et al., Appellants, v MARTIN E. McLEAN, Respondent. [935 NYS2d 220]—

Garry, J.

In 2000, defendant purchased a waterfront parcel in the Barnard Subdivision, located on the eastern side of Lamoka Lake in the Town of Tyrone, Schuyler County. Defendant's deed provides that the western boundary of his lot runs along "the approximate high water line of Lamoka Lake," conveys "all rights of grantor between the west line above described and the low water line of [the lake]" and provides that the conveyance is "[subject] to the right of other owners within the Barnard Subdivision to use, in common with others, the right to the boat launch, docking in designated areas and swimming rights as conveyed to those particular property owners as by reference to their particular deeds."

Plaintiffs own two nonwaterfront properties in the subdivision, which they purchased in 1989. Their deed includes rights of access to the lake, including a right-of-way in common with others over roads identified as Jerry Lane and the lake road.[1] Plaintiffs' deed also grants them a right, subject to rent payments, to use a dock space identified as "No. 2," which is one of a row of dock spaces located along the shore adjoining defendant's property. With reference to the dock space, the deed provides: "Intending hereby to grant that appurtenance designated as a permanent right to use said dock space . . . together with a right of way in common with others over Jerry Lane to the east shore of Lamoka Lake for the purpose of access to said dock space." The deed does not include dimensions or property descriptions for the dock space or the right-of-way, nor does it indicate whether any part of the dock space extends onto the land.

The parties' dispute concerns a 15-by-18-foot waterfront parcel (hereinafter the parcel) located in or adjacent to plaintiffs'

1. Jerry Lane runs through the subdivision and terminates at a boat launch on the lake shore. The "lake road" is a grassy lane that runs parallel to the shore, intersects Jerry Lane, and crosses defendant's property approximately 20 feet from the water's edge.

dock space.[2] Plaintiffs assert that they believed their 1989 purchase included ownership of the parcel and that they have used and maintained it exclusively since then. In 2001, defendant allegedly sent the subdivision's nonwaterfront owners, including plaintiffs, a list of rules for dock space use which, among other things, prohibited "permanent objects" and "unsafe objects or other conditions" in the area and required docks to be removed between Labor Day and Memorial Day. Plaintiffs neither acknowledge nor deny that they received these rules, merely asserting that they ignored any "pamphlets, fliers or verbal directives" issued by defendant. Defendant asserts that plaintiffs complied with these rules until 2009, when they erected a plastic fence around the parcel, allegedly to exclude geese. Defendant then sent a letter advising plaintiffs that they had fenced part of the common right-of-way and directing them to remove the fence. When they did not comply, he removed it. Plaintiffs thereafter commenced this action pursuant to RPAPL article 15 seeking a determination that they had acquired title to the parcel by adverse possession. After joinder of issue, plaintiffs moved for summary judgment in their favor, and defendant cross-moved seeking dismissal of the complaint. Supreme Court denied plaintiffs' motion and granted the cross motion, and plaintiffs appeal.

To demonstrate adverse possession of the parcel, plaintiffs must show by clear and convincing evidence "that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996] [internal quotation marks and citation omitted]; *accord Robinson v Robinson*, 34 AD3d 975, 976 [2006], *lv denied* 8 NY3d 805 [2007]; *see* RPAPL former 501).[3] As plaintiffs' claim of right is not based on a written instrument,

---

**2.** Plaintiffs contend that the parcel is located *between* the dock space and the common right-of-way, which they assert is limited to the lake road. This contention is not supported by their deed, which unambiguously provides that plaintiffs' right-of-way for access to the dock space is held in common with others and extends "to the east shore of Lamoka Lake." Accordingly, the parcel is necessarily located within the common right-of-way, but our resolution of this matter makes it unnecessary to determine whether others with interests in the common right-of-way should have been named as necessary parties (*see* CPLR 1001 [a]; RPAPL 1511 [2]; *Sorbello v Birchez Assoc., LLC*, 61 AD3d 1225, 1226 [2009]).

**3.** The amendments to the RPAPL effective in 2008 (*see* L 2008, ch 269) do not apply, as plaintiffs assert that their title to the parcel vested by 1999 at the latest (*see Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 825-826 [2010]; *see also Hogan v Kelly*, 86 AD3d 590, 592 [2011]; *Franza v Olin*, 73 AD3d 44, 46 [2010]).

they must further demonstrate that the parcel was, as pertinent here, "usually cultivated or improved" (RPAPL former 522 [1]; *see* former 521; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1393 [2009], *lv denied* 14 NY3d 706 [2010]; *Comrie, Inc. v Holmes*, 40 AD3d 1346, 1346 [2007], *lv denied* 9 NY3d 815 [2007]). The nature of improvements sufficient to provide a record owner with notice of a hostile claim "will vary with the nature and situation of the property and the uses to which it can be applied and must consist of acts such as are usual in the ordinary cultivation and improvement of similar lands by thrifty owners" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d at 160 [internal quotation marks and citation omitted]; *accord Robinson v Robinson*, 34 AD3d at 976).

Plaintiffs contend that their predecessors in title, who owned the properties now belonging to plaintiffs between 1983 and 1989, believed that their ownership included the parcel, maintained the parcel exclusively, and used it for picnics and sunbathing. Plaintiffs allege that after 1989, they mowed, cleaned, repaired, excavated, and repaved[4] the parcel, as well as picnicked and congregated there, and that each summer they placed seasonal items thereon such as lawn furniture, a portable storage shed, and a temporary deck.

Supreme Court determined that plaintiffs' use of the parcel was permissive and not hostile, and we agree. Where permission has been granted or can be inferred, " 'adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner' " (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001], quoting *Hinkley v State of New York*, 234 NY 309, 316 [1922]). Here, plaintiffs had a deeded right to use the dock space that was unqualified except for an obligation to pay rent, as well as a right-of-way in common with others to reach the lake shore in order to do so. Even if, as plaintiffs contend, no part of the parcel is located within the undefined bounds of the dock space, permission to use the area immediately adjacent to it in a seasonally appropriate manner that does not conflict with the record owner's rights or those of other dock space users may be inferred from these grants. The continuance of this permission throughout plaintiffs' period of ownership can be inferred from their affidavit testimony that their use of the parcel was never challenged and that an amic-

---

4. The record does not clarify the nature of this pavement, but photographs of the parcel taken shortly after plaintiffs' purchase appear to show deteriorated concrete, and the parcel is now allegedly covered with stone and gravel.

able relationship prevailed among the owners before defendant acquired his property (*see Chaner v Calarco,* 77 AD3d 1217, 1218-1219 [2010], *lv denied* 16 NY3d 707 [2011]; *Hassinger v Kline,* 91 AD2d 988, 989 [1983]). Notably, even after defendant purchased the property, his rules against constructing permanent structures and creating unsafe conditions "in the area" of the dock spaces, and his unrebutted assertion that plaintiffs did not disobey these rules until 2009, imply that they had continued permission to use the parcel for seasonal purposes.

Nothing about plaintiffs' use of the parcel indicates that they assumed a hostile attitude toward the record owner's rights prior to erecting the fence in 2009 (*see Longshore v Hoel Pond Landing,* 284 AD2d at 816). Nor have they demonstrated that their use of the parcel was sufficient to establish adverse possession, even if it were established that permission never existed or was revoked at some point. An adverse possession claim to seasonal property must be supported not only by seasonal presence and activities on the property, but also by other actions "demonstrat[ing] continuous, actual occupation of land by improvement" during absences (*Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d at 161; *see Robinson v Robinson,* 34 AD3d at 976-977; *Gorman v Hess,* 301 AD2d 683, 684 [2003]).[5] Here, plaintiffs do not claim that they ever ejected trespassers, posted the parcel, marked its boundaries, fenced it before 2009, or took other affirmative actions to exclude others. Moreover, other than repairing or replacing pavement that apparently was already present in some form when they acquired the parcel, they do not claim that they made any changes in the parcel that would have signaled continuous occupation beyond the summer season, such as landscaping it or constructing permanent seating, decks, or storage structures (*compare Gorman v Hess,* 301 AD2d at 684). Plaintiffs' temporary placement during the summer season of portable items such as lawn furniture is insufficient, without more, to constitute the requisite improvement (*see Campano v Scherer,* 49 AD2d 642, 643 [1975]; *compare Van Valkenburgh v Lutz,* 304 NY 95, 99 [1952]; *Silipigno v F.R. Smith & Sons, Inc.,* 71 AD3d 1255, 1257 [2010]).

In short, plaintiffs did not present evidence of possession that " 'actually infringe[d] upon the owner's rights, such as to give

---

**5.** By contrast, since "the enjoyment of easements lies in use rather than in possession" (*Di Leo v Pecksto Holding Corp.,* 304 NY 505, 511 [1952] [internal quotation marks and citation omitted]), an adverse claim to an easement may be supported solely by seasonal use or presence (*see Ray v Beacon Hudson Mtn. Corp.,* 88 NY2d at 160; *Led Duke v Sommer,* 205 AD2d 1009, 1010 [1994]).

the owner a cause of action in ejectment against the occupier throughout the requisite period' " (*Eddyville Corp. v Relyea*, 35 AD3d 1063, 1067 [2006], quoting *Birkholz v Wells*, 272 AD2d 665, 667 [2000]), and did not demonstrate that their use of the parcel was not permissive. Accordingly, plaintiffs' summary judgment motion was properly denied, and defendant's cross motion was properly granted. We modify Supreme Court's order only to make the declaration in defendant's favor that was implicit in its decision (*see* RPAPL 1521 [1]; *Led Duke v Sommer*, 205 AD2d 1009, 1010 n [1994]; *Riggs v Kirschner*, 187 AD2d 759, 760 [1992]).

Peters, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by declaring that defendant is the fee simple owner of the subject property, subject only to the rights of other owners in the Barnard Subdivision as set forth in his deed, and, as so modified, affirmed.