■ JOAN LINDA McKEAG, Appellant, v MADISON K. FINLEY, Individually and as Trustee of the GARDNER A. FINLEY MARITAL TRUST, et al., Respondents. [939 NYS2d 644]—

Garry, J. Appeal from an order of the Supreme Court (Hall Jr., J.), entered November 16, 2010 in Warren County, which, among other things, granted defendants' cross motion for summary judgment quieting title to certain real property.

Plaintiff owns a parcel of real property located on the western shore of Lake George in the Town of Bolton, Warren County. Defendants own the adjoining lakefront property, surrounding plaintiff's parcel on the north, west and south. Plaintiff's father,

---

Nathan McKeag, operated a marina on the parcel now owned by plaintiff from approximately 1961 until his death in 1991, after which plaintiff continued to operate the business. Beginning in the early 1960s, McKeag and plaintiff used a 44-foot strip of defendants' lakefront property located immediately north of plaintiff's parcel (hereinafter the beach) as a swimming area for the marina's customers. Plaintiff commenced this action in 2006 seeking, among other things, to establish her adverse possession of the beach and of certain other areas where encroachments had been created. Defendants answered and counterclaimed seeking to claim title to the beach.[1] Plaintiff moved for summary judgment and defendants cross-moved for the same relief.[2] Supreme Court granted plaintiff's motion with respect to the encroachment areas, but denied plaintiff's motion and granted defendants' cross motion as to the beach. Plaintiff appeals.

To support her adverse possession claim, plaintiff was required to demonstrate that her use of the beach was " 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996], quoting *Brand v Prince*, 35 NY2d 634, 636 [1974]). As plaintiff's claim was not founded on a written instrument, she was further required to show that the beach was "usually cultivated or improved" or "protected by a substantial enclosure" (RPAPL former 522 [1], [2]; *accord 2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1393 [2009], *lv denied* 14 NY3d 706 [2010]).[3] A use is generally presumed to be hostile when the other elements of adverse possession are shown (*see Chaner v Calarco*, 77 AD3d 1217, 1218 [2010], *lv denied* 16 NY3d 707 [2011]; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d at 1393). Here, it is undisputed that plaintiff and McKeag used the beach in their business for approximately 40 years, and plaintiff further claims that she prevented defendants and others from using it. Additionally, there is evidence that McKeag and plaintiff

---

**1.** Defendants raised no defenses pertaining to the encroachment areas and concede on appeal that plaintiff successfully established her claim to those areas.

**2.** Defendants' cross motion also sought joinder of the Town of Bolton as a necessary party because it holds a perpetual easement over a public road that traverses the parties' properties. Supreme Court denied that aspect of the cross motion. Defendants did not appeal from this denial and plaintiff is not aggrieved by it; thus, the arguments raised by the parties pertaining to joinder are not properly before this Court (*see generally* CPLR 5511).

**3.** The 2008 amendments to RPAPL article 5 are inapplicable to this action, which was commenced before the new legislation's effective date (*see* L 2008, ch 269; *Barra v Norfolk S. Ry. Co.*, 75 AD3d 821, 825 [2010]).

stored a large wooden float on the beach during winter months, that plaintiff constructed a stone retaining wall with steps on the beach in approximately 1995, and that she has planted flowers and bushes there. Accordingly, plaintiff made a prima facie showing that her use of the beach was open, notorious, exclusive and continuous, and the burden shifted to defendants to defeat the presumption of hostility by demonstrating that the use was permissive (*see Chaner v Calarco*, 77 AD3d at 1218; *Pickett v Whipple*, 216 AD2d 833, 834 [1995]).

Defendant Madison K. Finley (hereinafter defendant) alleged by affidavit that he and his family and friends continued to use the beach regularly throughout the period when plaintiff and McKeag also used it, thus establishing the existence of issues of fact as to the element of exclusivity sufficient to defeat plaintiff's summary judgment motion (*see Estate of Becker v Murtagh*, 75 AD3d 575, 578 [2010], *lv granted* 16 NY3d 707 [2011]). As to the presumption of hostility, when it is established that the initial use was permissive, " 'adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner' " (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001], quoting *Hinkley v State of New York*, 234 NY 309, 316 [1922]; *accord Chaner v Calarco*, 77 AD3d at 1218). Permission may be inferred from a history of "neighborly cooperation and accommodation" (*Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *see Wilcox v McLean*, 90 AD3d 1363, 1365-1366 [2011]; *Chaner v Calarco*, 77 AD3d at 1218).

Defendant testified by affidavit that he grew up on the Finley property, later spent summers there, and now resides there full time. He alleged that based on his observations, his father and predecessor in title, Gardner Finley, shared "a very friendly and cordial relationship" with plaintiff and McKeag, both before 1982 when Gardner Finley lived full time on the Finley property and thereafter, when he wintered in Florida. Defendant noted that the Finley property includes extensive lake frontage other than the beach and alleged that, in view of this fact and Gardner Finley's friendly relations with plaintiff and McKeag, he was "very liberal and tolerant" of their use of the beach. Defendants submitted letters exchanged between these parties during the late 1980s and early 1990s, while plaintiff and McKeag were acting as caretakers for the Finley property; the beach is not mentioned, but the correspondence supports defendants' claim that the relationship was friendly and neighborly

on both sides.[4] Defendant further alleged that, after Gardner Finley died in 1992, defendant gave plaintiff permission to continue using the beach, and reminded her on several occasions thereafter that the beach was part of defendants' property. He further stated that plaintiff asked for his permission to mow grass on the beach, did not object when he cut down a bush there and, as recently as 2006, left a telephone message apologizing for a disabled jet ski that had been left on the beach. These submissions were sufficient to support defendants' cross motion with a prima facie showing that the use of the beach by McKeag and plaintiff was permissive, thus shifting the burden back to plaintiff "to show that such use was transformed into an adverse one by an assertion of an adverse right that was made known to [defendants]" (*Pickett v Whipple*, 216 AD2d at 834).

Plaintiff did not meet that burden. She denied some of defendant's assertions, such as the alleged grants of permission by Gardner Finley and defendant to use the beach, store the float, and plant flowers. Further, she claimed that defendant once tried to dismantle the stone steps she had constructed on the beach, but stopped doing so when she confronted him. However, she admitted that, as defendant claimed, she had called him to apologize for a disabled jet ski on the beach after he complained about it. Further, she acknowledged that she and McKeag always had a cordial relationship with Gardner Finley, and she stated affirmatively that she never had any conflict or "friction" with any member of the Finley family until defendant took over its affairs after Gardner Finley's death. An inference of permission that rebuts the presumption of hostility may be drawn from this acknowledgment that plaintiff and McKeag began using the beach in the context of a friendly relationship (*see Chaner v Calarco*, 77 AD3d at 1218). "[I]f the first possession is by permission it is presumed to so continue until the contrary appears" (*Longshore v Hoel Pond Landing*, 284 AD2d at 816 [internal quotation marks and citations omitted]). In this regard, plaintiff acknowledged that defendant "had discussed his ownership" of the beach with her several times "over the past 20 years" and that he had once pointed out to her a marker

---

4. Defendant also alleges by affidavit that Gardner Finley granted permission to McKeag to store a float on the beach in the early 1960s, told him not to charge fees to people who launched boats from the beach and, in the 1970s, gave permission to plaintiff to plant flowers and bushes there. As required by the Dead Man's Statute (*see* CPLR 4519), we have considered these claims only with reference to defendants' opposition to plaintiff's motion for summary judgment and not with reference to their cross motion (*see Pickett v Whipple*, 216 AD2d at 834 n; *Peters v Morse*, 112 AD2d 559, 559-560 [1985]).

he had placed to identify the boundary line between their properties. She stated that she never disputed these claims at any time, but instead made no response, "ignored him [and] walked away." These allegations are inconsistent with plaintiff's claim of hostile and adverse use; by remaining silent instead of protesting defendant's repeated claims of ownership, she "tacitly acknowledged [his] superior right to the disputed lot," thus "defeat[ing] the claim of adverse possession" (*Albright v Beesimer*, 288 AD2d 577, 579 [2001]). Plaintiff failed to counter defendants' showing that the use was permissive or that she transformed this use into an adverse one by asserting a claim of right and making it known to the landowner (*see Pickett v Whipple*, 216 AD2d at 834; *compare Wilcox v McLean*, 90 AD3d at 1365-1366). Accordingly, Supreme Court properly granted defendants' cross motion for summary judgment quieting title to the property.

Lahtinen, J.P., Spain and Stein, JJ., concur. Ordered that the order is affirmed, with costs.