■ ·Anthony J. Palumbo et al., Appellants, v Michael S. Heumann et al., Respondents, et al., Defendants. [743 NYS2d 640] —Appeal from a judgment (denominated order) of Supreme Court, Oneida County (Tenney, J.)', entered November 9, 2001, which, inter alia, granted the motion of defendants Michael S. Heumann and Carin Carolina Mei seeking summary judgment dismissing the complaint against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking a declaration that they acquired a .04-acre parcel of land by adverse possession. The disputed parcel was deeded to Michael S. Heumann and Carin Carolina Mei (defendants) in 1998, and was previously owned by P. Randall Tuttle and Barbara Kroeger Tuttle from 1985 through 1998 and by Henry P. Kroeger from 1968 through 1985. Plaintiffs allege in the complaint that the period of adverse possession was from 1986 through 1997. It is undisputed that, prior to 1986, plaintiffs sought to purchase the disputed parcel from both the Tuttles and Kroeger as part of their "master plan" for their backyard, which included the installation of a swimming pool. No contract for the sale of the disputed parcel was ever consummated, nor were plaintiffs granted an easement to use the disputed parcel. In 1986 plaintiffs installed an in-ground swimming pool on their own property. Plaintiffs also groomed the surrounding area, including the disputed parcel. Although most of the changes were cosmetic, plaintiffs placed a statue on the disputed parcel. The disputed parcel was not enclosed, the owners of that parcel never asked plaintiffs to discontinue their use of it, and nothing was done to prevent plaintiffs from grooming it or from placing the statue there.

Supreme Court properly granted the motion of defendants seeking summary judgment dismissing the complaint against them. "To acquire title to real property by adverse possession, common law requires the possessor to establish that the character of the possession is 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' (*Brand v Prince*, 35 NY2d 634, 636) for the statutory period of 10 years" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159). Here, plaintiffs' claim of right is negated by plaintiffs' offers to purchase the disputed parcel from the prior owners.

Those offers constitute an acknowledgment by plaintiffs that the prior owners had a superior right to title. The " 'acknowledgment * * * that [plaintiffs] claim[ ] no title * * * fastens a character upon [their] possession which makes it unavailable for [the] ages' " (*De Lancey v Hawkins*, 23 App Div 8, 14, *affd* 163 NY 587). Moreover, the record establishes that plaintiffs' initial use of the disputed parcel was permissive, and "nothing in the record reflects that the initial permissive use was repudiated or renounced" (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816, *lv denied* 97 NY2d 603; *see Pitson v Sellers*, 206 AD2d 575, 576-577). Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.