■ JAMES E. FALCO, Appellant, v ANTHONY J. POLLITTS, JR., Respondent. [747 NYS2d 874] —Appeal from that part of a judgment of Supreme Court, Onondaga County (Major, J.), entered May 2, 2001, that awarded defendant after a nonjury trial title to real property described as Parcel B.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law with costs and plaintiff is awarded unencumbered title in fee in accordance with the following Memorandum: Plaintiff commenced this action to determine title to an approximately 40-foot by 17-foot parcel of land located between plaintiff's residence and defendant's residence. After trial, a judgment was

entered decreeing that plaintiff is the owner of record of the entire parcel (denominated Parcels A and B), but awarding defendant title by adverse possession to a portion of the parcel measuring 40 feet by 4 feet, 8 inches (Parcel B).

We agree with plaintiff that Supreme Court erred in awarding defendant title to Parcel B. Defendant's failure to plead adverse possession as an affirmative defense constitutes a waiver of that affirmative defense (*see Winchell v Caron*, 260 AD2d 888, 889; *see also McNamara v Lake in the Sky*, 227 AD2d 775, 777; *see generally* CPLR 3018 [b]). In any event, the evidence is insufficient to support a finding that defendant acquired title to Parcel B by adverse possession inasmuch as defendant failed to demonstrate that he entered and possessed that parcel under a claim of right. Defendant testified that he constructed a fence beyond his known property boundary, on land that he believed, albeit mistakenly, was owned by the City of Syracuse. Possession under a claim of right is incompatible with knowledge or a belief that one does not own the land in question but that ownership rests in another (*see Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108; *Harbor Estates Ltd. Partnership v May*, 294 AD2d 399, 400; *Bockowski v Malak*, 280 AD2d 572; *see generally Joseph v Whitcombe*, 279 AD2d 122, 126-127). In addition, a possessor's offer or agreement to purchase the disputed parcel constitutes an acknowledgment that title is held by another (*see Guariglia v Blima Homes*, 89 NY2d 851, 853; *Palumbo v Heumann*, 295 AD2d 935, 936; *Garrett v Holcomb*, 215 AD2d 884, 885; *cf. Weinberg v Crilley*, 252 AD2d 861, 863). Here, defendant initially sought to purchase and eventually purported to acquire the disputed parcels from the City, thereby acknowledging that title was in another and that he had no claim of right to the property. We therefore reverse the judgment insofar as appealed from and award plaintiff unencumbered title in fee to Parcel B. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.