■■■ Gary P. Snyder, Respondent, v Michael Fabrizio et al., Appellants. [770 NYS2d 533]—Appeal from that part of an order and judgment (one document) of Supreme Court, Onondaga County (Carni, J.), entered August 23, 2002, that determined title to real property in favor of plaintiff upon a decision of the court.

It is hereby ordered the order and judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and judgment is granted in favor of defendants as follows: It is ordered, adjudged and decreed that defendants are the fee title owners of the entirety of the smaller disputed area as depicted in a survey map of Jay D. Holbrook, LLS (license No. 50047) dated October 11, 2000.

Memorandum: Defendants appeal from an order and judgment granting plaintiff title by adverse possession to a small disputed area of defendants' property. We disagree with Supreme Court that plaintiff met his burden of establishing by clear and convincing evidence that he acquired the small disputed area by adverse possession, and we therefore reverse (*see generally Falco v Pollitts*, 298 AD2d 838 [2002]). " 'To acquire title to real property by adverse possession . . . the possessor . . . [must] establish that the character of the possession

is "hostile and under a claim of right, actual, open and notorious, exclusive and continuous" . . . for the statutory period of 10 years' " (*Palumbo v Heumann*, 295 AD2d 935, 935 [2002]; *see Tubolino v Drake*, 178 AD2d 951 [1991]). We conclude from our review of the record that the evidence was not sufficient as a matter of law to support the court's finding that plaintiff demonstrated, by clear and convincing evidence, exclusive possession of the small disputed area for the requisite 10-year period (*see Falco*, 298 AD2d at 839; *see also Mastin v Village of Lima*, 86 AD2d 777, 778 [1982]). We note that the court concluded that plaintiff's evidence was not clear and convincing with regard to a larger disputed area that wholly contained the smaller disputed area because there was conflicting testimony about the mowing and cultivation practices of plaintiff and defendants with respect to those portions of the larger disputed area outside of the smaller disputed area. That conflicting testimony made it impossible for plaintiff to establish his exclusive possession of the larger area for a continuous period of 10 years. The testimony concerning the smaller disputed area, however, was just as conflicting, if not more so, than the testimony concerning the larger disputed area. Therefore, we reverse the order and judgment insofar as appealed from and grant judgment in favor of defendants decreeing that they are the fee title owners of the entirety of the smaller disputed area as depicted in plaintiff's exhibit 21 (*see Jones v Breheny*, 280 AD2d 973 [2001]). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.