■ EAST HAMPTON LIVESTOCK CORP., Respondent, v THOMAS R. FLEMING et al., Defendants, and CHRISTIAN CARINO et al., Appellants. [862 NYS2d 108]—

In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the defendants Christian Carino, Melissa Brooke Baldwin, Lori D. Hubbard, and Ted S. Hubbard appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kerins, J.), dated February 23, 2007, as granted the plaintiff's motion for a preliminary injunction enjoining and restraining the defendants from removing, destroying, or hindering the construction of a certain fence and denied that branch of their motion, made jointly with all of the defendants, which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against the appellants is granted, and the plaintiff's motion for a preliminary injunction is denied as academic.

In 1982, the plaintiff East Hampton Livestock Corp. (hereinafter EHLC) received approval to subdivide a portion of its 28-acre farm located in Montauk, commonly known as Deep Hollow Ranch. As a condition to approval of its cluster development of four residential lots (see Town Law § 278 [formerly § 281]), EHLC agreed to set aside as open space the abutting 2.8219 acres of land (hereinafter the reserved area) and encumber the four lots, as well as the reserved area, with scenic and conservation easements. While EHLC currently retains title to the reserved area, all residential lot owners were granted rights under a declaration entitling them to the recreational use of the reserved area. The declaration was duly recorded, as was the grant of scenic and conservation easement.

Prior to June 2005, a certain fence, which existed prior to the subdivision, encroached upon the four lots and enclosed the easement area burdening the four lots, the 2.8219 acres comprising the reserved area, and EHLC's residual 21 acres (hereinafter collectively the enclosed area). Prior and subsequent to the subdivision, this enclosed area was used by EHLC as pastureland for its grazing livestock. In June 2005 the owners of two of the four lots demanded that EHLC remove so much of the fence as encroached on their property. The lot owners also demanded

that EHLC cease its use of the reserved area, relying on their rights under the declaration. EHLC responded by commencing this lawsuit asserting a cause of action for adverse possession against the owners of the four lots, claiming that any rights the defendants had to the reserved area were extinguished by its exclusive use and cultivation of the reserved area since 1982.

Following the issuance of an ex parte temporary restraining order, the plaintiff constructed a new fence located within the reserved area abutting the defendants' property.

In the order appealed from, the Supreme Court, inter alia, granted the plaintiff's motion for a preliminary injunction enjoining the defendants from interfering with the newly constructed fence and denied the defendants' motion to dismiss the complaint.

Under RPAPL 522, a party seeking to obtain title by adverse possession on a claim not based upon a written instrument must show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]). "In addition, a party must satisfy the common-law requirement of demonstrating that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for a period of 10 years or more" (*Oistacher v Rosenblatt*, 220 AD2d 493, 494 [1995] [citations omitted]).

Here, the cause of action for adverse possession must fail as the plaintiff's use and possession of the reserved area never was hostile. Ever since the creation of the reserved area, the plaintiff's role in relation to those 2.8219 acres essentially has been one of trustee, maintaining the parcel "for the benefit of" the residential lot owners (*Matter of Kamhi v Planning Bd. of Town of Yorktown*, 89 AD2d 111, 119 [1982], *revd on other grounds* 59 NY2d 385, 389 [1983]; Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 278 ["Ownership and Maintenance of Open Space"], at 144; 15-157 Warren's Weed, New York Real Property § 157.18). Accordingly, in the context of the unique facts of this case, the fact that title to the reserved area was reposed in EHLC is not indicative of hostile title. On the contrary, ownership in the reserved area cannot be secured by EHLC "without the unanimous consent of all persons having any interest therein" (5 Rathkopf, Zoning and Planning § 90:49 [4th ed]), since upon the filing of the subdivision and the approvals thereto, EHLC held title not in its corporate capacity, but as a fiduciary for all lots benefitting from the reserved area.

Accordingly, that branch of the defendants' motion which was

to dismiss the complaint pursuant to CPLR 3211 (a) (1) insofar as asserted against the appellants should have been granted, and the plaintiff's motion for injunctive relief denied as academic. Lifson, J.P., Florio, Carni and Belen, JJ., concur.