■ BOARD OF MANAGERS OF GLEN AT GREAT KILLS HOMEOWN-ERS ASSOCIATION, Appellant, v NBM REALTY HOLDING, LLC, et al., Respondents. [872 NYS2d 478]—

In an action, inter alia, to quiet title to real property, for a judgment declaring that the plaintiff is the lawful owner, by adverse possession, of a certain parcel of real property designated as Block 4645, Lot 275, on the tax map of the City of New York, and to invalidate an easement granted to the defendants, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), entered January 2, 2008, which granted the defendants' motion for summary judgment, in effect, declaring that the plaintiff is not the lawful owner, by adverse possession, of Block 4645, Lot 275, and on a counterclaim pursuant to RPAPL 871 for a permanent injunction compelling the plaintiff to remove certain structures from Block 4645, Lot 275, and other real property designated as Block 4645, Lots 310 and 325, on the tax map of the City of New York, and denied the plaintiff's cross motion for summary judgment declaring that it is the lawful owner, by adverse possession, of Block 4645, Lot 275, and on the third, fourth, fifth, sixth, and seventh causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion were for summary judgment, in effect, declaring that the plaintiff is not the lawful owner, by adverse possession, of Block 4645, Lot 275, on its counterclaim pursuant to RPAPL 871 for a permanent injunction compelling the plaintiff to remove certain structures from Block 4645, Lot 275, and dismissing the third, fourth, and fifth causes of action, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff is the Board of Managers of Glen at Great Kills Homeowners Association, which represents owners of residences at the Glen at Great Kills development located on Staten Island, consisting of three different communities. The Glen at Great Kills (hereinafter the development) was constructed in different phases, with the first phase built in the early 1980s. The Glen at Great Kills Homeowners Association (hereinafter the Glen HOA) is responsible for maintaining the common areas of the development. In May 2000 the defendants purchased a parcel of real property designated as Block 4645, Lot 275 on the tax map of the City of New York (hereinafter Lot 275) from Building a Rainbow Realty Corp. (hereinafter Rainbow), which was the sponsor of the development at that time. The plaintiff alleges that, since 1981, it has maintained a sign, landscaping, and a curb on a portion of Lot 275, which is located near the entranceway to the development. When Rainbow transferred title to Lot 275 to the defendants, Rainbow granted an easement across Lot 275 to Timber Ridge Drive, which is a private road used by the Glen HOA within the development. Rainbow conveyed Block 4645, Lot 276, which is adjacent to Lot 275 and contains Timber Ridge Drive, to the plaintiff after it created the easement and after it conveyed Lot 275 to the defendants. The plaintiff commenced this action, inter alia, seeking to quiet title, through adverse possession, to a disputed portion of Lot 275 and to invalidate the easement. The defendants counterclaimed pursuant to RPAPL 871, seeking a permanent injunction compelling the plaintiff to remove certain encroaching structures from Lot 275, as well as to remove other structures and from the defendants' property located at Block 4645, Lots 310 and 325 (hereinafter Lots 310 and 325).

The defendants moved for summary judgment on the counterclaims, in effect, declaring that the plaintiff is not the lawful owner, by adverse possession, of Lot 275, and dismissing the complaint, and the plaintiff cross-moved for summary judgment in its favor. The Supreme Court, inter alia, granted the defendants' motion. The court found that the easement was valid and directed the plaintiff to remove the encroaching structures from Lots 275, 310, and 325. The plaintiff appeals, and we modify the order appealed from.

The Supreme Court improperly granted those branches of the defendants' motion which were for summary judgment, in effect, declaring that the plaintiff is not the lawful owner, by adverse possession, of Lot 275, and dismissing the plaintiff's third, fourth, and fifth causes of action, alleging that it acquired the disputed portion of Lot 275 by adverse possession. Under

the version of RPAPL 522 in effect at the time the plaintiff commenced this action, a party seeking to obtain title by adverse possession on a claim not based upon a written instrument was required to show that the parcel was either "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]). Moreover, a party was required to satisfy the common-law requirement of demonstrating, by clear and convincing evidence (*see Walling v Przybylo,* 7 NY3d 228, 232 [2006]), that the possession of the parcel was hostile, under claim of right, open and notorious, exclusive, and continuous for a period of 10 years or more (*see East Hampton Livestock Corp. v Fleming,* 53 AD3d 641, 643 [2008]; *Oistacher v Rosenblatt,* 220 AD2d 493, 494 [1995]). Here, the defendants failed to establish that the plaintiff's possession of the subject property was permissive at the time it commenced possession (*see Corigliano v Sunick,* 56 AD3d 1121 [2008]; *see also Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.,* 192 AD2d 501, 503 [1993]). Accordingly, summary judgment should not have been awarded to the defendants dismissing the third, fourth, and fifth causes of action, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Additionally, that branch of the defendants' motion which was for summary judgment on its counterclaim, pursuant to RPAPL 871, for a permanent injunction compelling the plaintiff to remove the alleged encroaching items from Lot 275 should not have been granted (*see* RPAPL 871).

Contrary to the plaintiff's contention, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment on its counterclaim, pursuant to RPAPL 871, for a permanent injunction compelling the plaintiff to remove encroaching structures from Lots 310 and 325. The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie demonstration of their entitlement to judgment as a matter of law in this regard (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]).

Furthermore, the Supreme Court correctly determined that the easement granting the defendants access across Lot 275 to Timber Ridge Drive was valid and in full force and effect (*see* 49 NY Jur 2d, Easements § 23). Any claim of equitable ownership that the plaintiff may have had to Timber Ridge Drive before it acquired title thereto in November 2002, and before the easement was created in May 2000, was barred by the doctrine of laches (*see Resk v City of New York,* 293 AD2d 661 [2002]; *Skrodelis v Norbergs,* 272 AD2d 316 [2000]; *First Nationwide Bank v Calano,* 223 AD2d 524, 525 [1996]).

The parties' remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.