■ Patricia Chion, Respondent, v Robert Radziul et al., Appellants. [880 NYS2d 666]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 30, 2007, which denied their motion for summary judgment dismissing the third cause of action alleging adverse possession.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the third cause of action is granted.

The plaintiff commenced this action against the defendants to compel the determination of claims to real property, asserting three causes of action. In the first cause of action, the plaintiff seeks a declaration that a certain portion of the defendants' property was subject to an easement affording the plaintiff a right-of-way for ingress and egress over the defendants' prop-

erty. The second cause of action seeks an injunction prohibiting the defendants from interfering with her use of the purported easement. In the third cause of action, the plaintiff seeks a declaration that she acquired title to a portion of the purported easement through adverse possession. The defendants moved for summary judgment dismissing the third cause of action, contending, inter alia, that the plaintiff's alleged possession was not exclusive. The Supreme Court denied the motion. We reverse.

To establish a claim for adverse possession, a claimant must prove by clear and convincing evidence that his or her possession was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Board of Mgrs. of Glen at Great Kills Homeowners Assn. v NBM Realty Holding, LLC*, 58 AD3d 778 [2009]; *DeRosa v DeRosa*, 58 AD3d 794 [2009], *lv denied* 12 NY3d 710 [2009]).

The defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the adverse possession cause of action (*see Larsen v Hanson*, 58 AD3d 1003 [2009]; *Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615, 617 [2008]; *Palumbo v Heumann*, 295 AD2d 935 [2002]). The plaintiff and her husband both testified at their depositions that in the 1980s and 1990s their neighbors used the gravel driveway portion of the purported easement to transport plows, recreational vehicles, and boats to their respective properties and that the plaintiff's deed explicitly creates "a nonexclusive right to pass and repass on foot or with vehicles over a right of way in common with others along the entire northerly line" of their property. Thus, the defendants submitted evidence establishing that the plaintiff's use of the gravel driveway portion of the purported right-of-way was not exclusive (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]; *Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001]). Moreover, to the extent that the plaintiff's cause of action alleging adverse possession seeks to obtain title over property beyond the gravel driveway, the defendants established, as a matter of law, that the plaintiff can only claim that she actually possessed that portion of the right-of-way consisting of the gravel driveway inasmuch as the plaintiff testified that she and her husband only used that portion of the right-of-way and never traversed the remaining portion of the defendants' property.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zucker-*

*man v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the third cause of action. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.