■ NORMAN M. PERRY et al., Appellants, v JAMES EDWARDS et al., Respondents. [913 NYS2d 460]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 4, 2009 in an action pursuant to RPAPL article 15. The order, among other things, granted defendants' motion for summary judgment and dismissed plaintiffs' amended complaint.

It is hereby ordered that the order so appealed from is unanimously *modified on the law* by denying the motion in part, deeming the amended complaint further amended to assert a claim for adverse possession and reinstating the amended complaint to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action pursuant to RPAPL article 15 seeking a determination that they are the sole owners of a certain strip of property located between their property and defendants' adjacent property. Plaintiffs appeal from an order in which Supreme Court, inter alia, granted defendants' motion for summary judgment dismissing the amended complaint and denied plaintiffs' cross motion for summary judgment. Contrary to plaintiffs' contention, defendants met their burden of establishing as a matter of law that the deeds to the parties' parcels of property unambiguously conveyed the disputed strip of property to defendants (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject plaintiffs' contention that the court erred in concluding that those deeds were unambiguous and that, upon considering extrinsic evidence, the court should have concluded that the disputed strip of property belonged to them. The intent of the parties is "manifested by the language of the deed[s and] unless the deed[s are] ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (*Modrzynski v Wolfer*, 234 AD2d 901, 902 [1996]). Further, it is well established that, in the event that the disputed property line can "be located by surveys according to the calls of the deeds . . . , the location thus ascertained [is] the true one, and [cannot] be defeated" by extrinsic evidence (*Waugh v Waugh*, 28 NY 94, 98 [1863]; *see Muldoon v Deline*, 135 NY 150, 153 [1892]). Thus, the court properly refused to interpret the deeds to conform with the extrinsic evidence proffered by plaintiffs.

Nevertheless, we agree with plaintiffs that the court erred in granting defendants' motion insofar as it seeks dismissal of the amended complaint in its entirety. "Modern principles of procedure do not permit an unconditional grant of summary judgment against . . . plaintiff[s] who, despite defects in pleading,

[have] in [their] submissions made out a cause of action" (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 279 [1978]; *see generally Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 182 [1982], *rearg denied* 57 NY2d 674 [1982]; *J.R. Adirondack Enters. v Hartford Cas. Ins. Co.*, 292 AD2d 771, 772 [2002]). Here, in opposing defendants' motion, plaintiffs contended that they gained title to the strip of property at issue by adverse possession (*see generally Walling v Przybylo*, 7 NY3d 228, 232 [2006]), and we conclude that plaintiffs have thereby "made out a cause of action" for adverse possession (*Alvord & Swift*, 46 NY2d at 279). We note that the 2008 amendments to RPAPL article 5 are inapplicable here, inasmuch as plaintiffs contend that they gained title by adverse possession based on actions that they and the previous owners of their property took prior to those amendments (*see generally Franza v Olin*, 73 AD3d 44 [2010]). Because plaintiffs set forth facts amounting to a cause of action for adverse possession in opposition to defendants' motion, it thus cannot be said that defendants would be surprised or prejudiced by deeming plaintiffs to have asserted such a cause of action (*see generally Board of Mgrs. of Park Regent Condominium v Park Regent Assoc.*, 71 AD3d 1070 [2010]). We therefore modify the order by denying defendants' motion insofar as it seeks summary judgment dismissing the amended complaint in its entirety, we deem the amended complaint to be further amended to assert a claim for adverse possession and we reinstate the amended complaint insofar as it asserts that claim (*see generally Ramos v Jake Realty Co.*, 21 AD3d 744, 745-746 [2005]; *Wooten v State of New York*, 302 AD2d 70, 75 [2002], *lv denied* 1 NY3d 501 [2003]; *Nalezenec v Blue Cross of W. N.Y.*, 191 AD2d 982, 984 [1993]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.