# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294**

**CA 10-02149**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

GREGORY A. DEKDEBRUN AND PATRICIA A. DEKDEBRUN,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

CHERYL KANE, ALSO KNOWN AS CHERYL KERNS, AND
RANDALL KANE, DEFENDANTS-RESPONDENTS.

---

MCGEE & GELMAN, BUFFALO (MICHAEL R. MCGEE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

THOMAS J. CASERTA, JR., NIAGARA FALLS, FOR DEFENDANTS-RESPONDENTS.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered June 3, 2010 in a proceeding
pursuant to RPAPL article 8.  The order denied plaintiffs' motion for
partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the motion is
granted.

Memorandum:  Plaintiffs and defendants own adjoining properties
and, in 2009, plaintiffs commenced this action pursuant to RPAPL 871
seeking, inter alia, an order directing defendants to remove an
exhaust fan from the rear wall of their restaurant.  According to
plaintiffs, the exhaust fan encroached on their property by
approximately 1.5 feet and interfered with a staircase they had
recently constructed on their property.  Supreme Court erred in
denying plaintiffs' motion for partial summary judgment on the first
cause of action, seeking the removal of the encroaching exhaust fan.

Based on the evidence in the record before us, it is undisputed
that the fan had continuously existed in its current location, in an
open and notorious manner, since defendant Cheryl Kane, also known as
Cheryl Kerns, purchased the property in 1993.  In opposition to
plaintiffs' motion, Kane contended that defendants raised an issue of
fact whether they obtained the right to have the exhaust fan remain in
its present location by virtue of adverse possession.  We reject that
contention.  Plaintiffs correctly contend that defendants failed to
raise an issue of fact on the theory of adverse possession because
they failed to establish that their use of plaintiffs' property was
hostile and under a claim of right for the requisite 10-year period.
Although defendants, in their answer, denied that the fan encroached

on plaintiffs' property, their attorney at oral argument on the motion admitted both that the fan encroached on plaintiffs' property and that "[t]here was permission" and "consent" for the encroachment. Following oral argument, plaintiffs submitted affidavits from their predecessors in title and defendants' predecessors in title establishing that there had been permission for the initial encroachment. Plaintiffs' predecessors in title asserted that they consented to the initial encroachment and "accommodated the various owners of the [r]estaurant in a spirit of neighborly cooperation" until they sold their property to plaintiffs in 2002, four years after defendants purchased the property with the exhaust fan and seven years before plaintiffs commenced this action.

"To acquire title to real property by adverse possession . . . the possessor . . . [must] establish that the character of the possession is hostile and under a claim of right, actual, open and notorious, exclusive and continuous . . . for the statutory period of 10 years" (*Snyder v Fabrizio*, 2 AD3d 1464, 1464-1465 [internal quotation marks omitted], *lv denied* 2 NY3d 703; *see Walling v Przybylo*, 7 NY3d 228, 232; *Corigliano v Sunick*, 56 AD3d 1121). Although defendants correctly contend that hostility may be presumed if all of the other elements of adverse possession have been established, "if it can be shown that the initial use was permissive, then adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (*Chaner v Calarco*, 77 AD3d 1217, 1218 [internal quotation marks omitted]; *see Hinkley v State of New York*, 234 NY 309, 316; *Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809; *Koudellou v Sakalis*, 29 AD3d 640, 641). The element of hostility may be established by " 'a distinct assertion of a right hostile to the owner' " (*Koudellou*, 29 AD3d at 641; *see Goldschmidt v Ford St., LLC*, 58 AD3d 803, 805). Based on the evidence submitted by plaintiffs and the admission by defendants' attorney at oral argument of the motion, plaintiffs established as a matter of law that the initial use of their property by defendants' predecessor in title was permissive and that there was no distinct assertion of a hostile right by defendants more than 10 years before plaintiffs commenced this action. Thus, the record establishes as a matter of law that defendants did not acquire any rights to plaintiffs' property through adverse possession.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court