# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**946**

**CA 14-00340**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

ALICE H. REARDON, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

GEORGE S. BROADWELL AND SHANE E. BROADWELL,
DEFENDANTS-RESPONDENTS.

---

KIRWAN LAW FIRM, P.C., EAST SYRACUSE (TERRY J. KIRWAN, JR., OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (THOMAS J. FUCILLO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 23,
2013. The order and judgment granted the motion of defendants for
summary judgment and settled title of certain real property.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL
871 seeking an order directing defendants to remove several structures
that allegedly encroach upon her property. Defendants, the owners of
adjacent property, asserted a counterclaim seeking a declaration that
they are the fee title owners of the disputed land based on adverse
possession. Supreme Court granted defendants' motion for summary
judgment on their counterclaim and dismissed the complaint. We now
affirm.

"To establish a claim of adverse possession, the occupation of
the property must be (1) hostile and under a claim of right (i.e., a
reasonable basis for the belief that the subject property belongs to a
particular party), (2) actual, (3) open and notorious, (4) exclusive,
and (5) continuous for the statutory period (at least 10 years)"
(*Estate of Becker v Murtagh*, 19 NY3d 75, 81; *see Walling v Przybylo*, 7
NY3d 228, 232; *Corigliano v Sunick*, 56 AD3d 1121, 1121). "In
addition, where, as here, the claim of right is not founded upon a
written instrument, the party asserting title by adverse possession
must establish that the land was 'usually cultivated or improved' or
'protected by a substantial inclosure' " (*Becker*, 19 NY3d at 81,
quoting RPAPL former 522). "The type of cultivation or improvement
sufficient under the statute will vary with the character, condition,
location and potential uses for the property . . . and need only be

consistent with the nature of the property so as to indicate exclusive ownership" (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 122-123, *appeal dismissed* 58 NY2d 824; *see Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159-160).

Here, the evidence submitted by defendants in support of their motion for summary judgment — namely, the affidavits of George A. Broadwell and defendant Shane E. Broadwell, with attached exhibits — establishes their counterclaim for adverse possession as a matter of law. Those affiants assert that the Broadwell family had continuously and exclusively used the disputed area since at least the 1980s, and cultivated the disputed area during that time period. The affiants further assert that they never observed plaintiff or any member of her family using the disputed area, and that plaintiff never gave them permission to use the property. Accepted as true, those assertions establish that defendants' possession of the disputed area was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for over 10 years (*see Becker*, 19 NY3d at 81; *Walling*, 7 NY3d at 232; *Corigliano*, 56 AD3d at 1121). The assertions, if true, also establish that defendants made improvements to the disputed area that were consistent with the nature of their property (*see Ellicott Cr. Homeowners Assn.*, 86 AD2d at 122-123).

The burden of proof thus shifted to plaintiff to raise an issue of fact, and plaintiff failed to meet that burden (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The only evidence submitted by plaintiff in opposition to the motion is her own affidavit, with exhibits, but plaintiff's affidavit actually supports defendants' position. Plaintiff states, in sum and substance, that she did not realize that defendants had encroached on her property because she and her family very rarely visited the property since their cabin was vandalized in the "late 1980s," thereby rendering the property "unusable." Plaintiff further states that she had "no knowledge of the correct and actual boundary line" until she had a survey prepared in December 2001. By that time, however, defendants had exclusively and continuously used, cultivated and improved the disputed area for the requisite 10-year period. Plaintiff's ignorance of both the correct boundary line and defendants' use of the disputed area is not a defense to their claim of adverse possession.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court