# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**751**

**CA 14-01207**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

BERNARD OLIVIERI, MARY OLIVIERI, PETER OLIVIERI,
PAUL OLIVIERI, AND DANIEL OLIVIERI,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

RUSSELL P. COLOSI, DDS, INDIVIDUALLY AND DOING
BUSINESS AS RUSSELL P. COLOSI, DDS, PATRICIA
COLOSI, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

SUGARMAN LAW FIRM, LLP, BUFFALO (CARLTON K. BROWNELL, III, OF
COUNSEL), FOR DEFENDANT-RESPONDENT RUSSELL P. COLOSI, DDS, DOING
BUSINESS AS RUSSELL P. COLOSI, DDS.

HISCOCK & BARCLAY, LLP, ALBANY (JONATHAN H. BARD OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS RUSSELL P. COLOSI, DDS, INDIVIDUALLY, AND
PATRICIA COLOSI.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered April 9, 2014. The order, insofar as appealed
from, granted the motion of defendants Russell P. Colosi, DDS,
individually, and Patricia Colosi and dismissed the first cause of
action against those defendants.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of
defendants Russell P. Colosi, DDS, individually, and Patricia Colosi
is denied, and the first cause of action is reinstated against them.

Memorandum: Plaintiffs commenced this action asserting, inter
alia, causes of action for adverse possession and defamation. Russell
P. Colosi, DDS, individually, and Patricia Colosi (individual
defendants) moved to dismiss the complaint against them, and Russell
P. Colosi, DDS, doing business as Russell P. Colosi, DDS, separately
moved for summary judgment dismissing the complaint against him.
Supreme Court converted the motion of the individual defendants to one
for summary judgment and granted both motions. Plaintiffs, as limited
by their brief, contend only that the court erred in granting the
motion of the individual defendants with respect to the first cause of
action, for adverse possession, and we agree. We therefore reverse

the order insofar as appealed from.

We note at the outset that we agree with plaintiffs that the court erred in applying the 2008 amendments to RPAPL article 5 with respect to the adverse possession cause of action.  Plaintiffs alleged in their verified complaint that, since 1956, they have adversely possessed the disputed property by actions such as constructing drainage systems on the disputed property.  In support of their motion, the individual defendants did not dispute the time frames alleged by plaintiffs.  Therefore, inasmuch as plaintiffs claim that they gained title to the disputed property by adverse possession prior to 2008, the amendments to RPAPL article 5 do not apply (*see Hammond v Baker*, 81 AD3d 1288, 1289-1290; *Perry v Edwards*, 79 AD3d 1629, 1631).

Although the individual defendants met their initial burden of establishing that they are the record owners of the disputed property, we agree with plaintiffs that they raised a triable issue of fact regarding their claim to title through adverse possession (*see generally King's Ct. Rest., Inc. v Hurondel I, Inc.*, 87 AD3d 1361, 1362).  A plaintiff alleging a claim of adverse possession must establish that possession of the disputed property was "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232; *see West Middlebury Baptist Church v Koester*, 50 AD3d 1494, 1495).  Contrary to the contention of the individual defendants, the fact that plaintiffs offered to purchase the disputed property in 2009 did not negate the element of hostility inasmuch as plaintiffs allege that their title to the disputed property vested well before that offer (*cf. Garrett v Holcomb*, 215 AD2d 884, 885; *see generally City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123-124, *appeal dismissed* 58 NY2d 824).

Entered:  June 12, 2015                    Frances E. Cafarell
                                           Clerk of the Court