Parklands E., LLC v Spangenberg (2019 NY Slip Op 05849)





Parklands E., LLC v Spangenberg


2019 NY Slip Op 05849


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


128 CA 18-01679

[*1]PARKLANDS EAST, LLC, PLAINTIFF-APPELLANT,
v
ROBERT E. SPANGENBERG, INDIVIDUALLY AND AS TRUSTEE, AND ERICH SPANGENBERG, AS TRUSTEE, DEFENDANTS-RESPONDENTS. 






HARTER SECREST & EMERY LLP, BUFFALO (SHELDON K. SMITH OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (JOHN C. NELSON OF COUNSEL), AND THE NELSON LAW FIRM, ELLICOTTVILLE, FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered April 15, 2015. The order, insofar as appealed from, denied plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is granted, and the seventh affirmative defense is dismissed.
Memorandum: Plaintiff commenced this action to quiet title to certain property (disputed property) that it held title to, and defendants answered and asserted an affirmative defense alleging that they had acquired title to the disputed property by adverse possession. Defendants moved for summary judgment dismissing the complaint based on that affirmative defense, and plaintiff cross-moved for summary judgment dismissing that affirmative defense. Supreme Court denied both the motion and cross motion, and plaintiff now appeals from the order insofar as it denied its cross motion. We agree with plaintiff that the court erred in denying its cross motion, and we therefore reverse the order insofar as appealed from and dismiss the affirmative defense for adverse possession.
Defendants own lakefront property on Rushford Lake, and their deed references a subdivision map (Donahue Subdivision Map) that depicts a 25-foot-wide strip of land, called a "stub trail," that borders defendants' property. There are designated trails around Rushford Lake that were owned by nonparties Paul and Eunice Strabel and are depicted on the Donahue Subdivision Map. The stub trails branch off from the trails and lead directly to the lake. In 1972, the Strabels transferred their interest in certain trails and stub trails, including the stub trail at issue, to the not-for-profit corporation Hillcrest Alltrails, Inc. (Hillcrest). As reflected in the Strabel to Hillcrest deed, the Strabels conveyed the trails and stub trails to Hillcrest to provide for the management and control of the trails and stub trails, which were to be used for the benefit of lot owners in the subdivision to access their properties and for the benefit of non-lakefront property owners in the subdivision to access the lake.
Defendants acquired property abutting the relevant stub trail in 1974, at which time nonparties Roy and Elaine Miller owned neighboring lakefront property on the other side of the stub trail. In 1989, after a disagreement between defendants and the Millers regarding the location of their property lines, they entered into and recorded a boundary line agreement (Boundary Agreement). The Boundary Agreement first set forth that the Donahue Subdivision Map was inexact, that the various landowners in the area have established their own boundary lines, and that the Millers and defendants desired to have a clear agreement regarding the [*2]boundaries for their respective properties. The Boundary Agreement then stated that the stub trail at issue on the Donahue Subdivision Map "was never actually laid out or established as a trail and did not provide a route or means of access . . . to Rushford Lake." In addition, the stub trail "has not been traversed by any persons as a means of access to Rushford Lake, and is not physically capable of being traversed by a vehicle or by an individual on foot without great difficulty due to the rough terrain and steep slope." The Boundary Agreement stated that the attached survey, conducted in 1988, "accurately sets forth the lines of occupation of the premises owned by Millers and [defendants], and . . . the location of the boundaries." As depicted on the survey, the Boundary Agreement gave both the Millers and defendants a gradual widening of their borders as the stub trail approaches the lake. Eventually, the stub trail ends, and the lake frontage is divided between the Millers and defendants.
In 2007, plaintiff acquired Hillcrest's ownership interest in the trails and stub trails. Plaintiff entered into an agreement with the Millers' successors whereby they transferred their purported interest in the stub trail to plaintiff, and plaintiff commenced this action against defendants seeking to quiet title to the portion of the stub trail that defendants claimed ownership of in the Boundary Agreement, i.e., the disputed property.
To establish a claim of adverse possession, a party is required to show that possession of the relevant property was: "(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (Walling v Przybylo, 7 NY3d 228, 232 [2006]; see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159 [1996]; Reardon v Broadwell, 121 AD3d 1546, 1546 [4th Dept 2014]).
" Reduced to its essentials, this means nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period' " (Ray, 88 NY2d at 159).
We agree with plaintiff that it met its initial burden on the cross motion of establishing as a matter of law that defendants' use of the disputed property was not hostile and instead was permissive (see Diaz v Mai Jin Yang, 148 AD3d 672, 674 [2d Dept 2017]; Dekdebrun v Kane, 82 AD3d 1644, 1646 [4th Dept 2011]; Palumbo v Heumann, 295 AD2d 935, 936 [4th Dept 2002]), and defendants failed to raise a triable issue of fact in opposition (see Chaner v Calarco, 77 AD3d 1217, 1218-1219 [3d Dept 2010], lv denied 16 NY3d 707 [2011]). The hostility element "is satisfied where an individual asserts a right to the property that is adverse to the title owner and also in opposition to the rights of the true owner' " (Estate of Becker, 19 NY3d at 81; see Corigliano v Sunick, 56 AD3d 1121, 1122 [4th Dept 2008]). " Possession is hostile when it constitutes an actual invasion of or infringement upon the owner's rights' " (Corigliano, 56 AD3d at 1122). However, "[w]hen the entry upon land has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudiated and renounced and the possessor thereafter has assumed the attitude of hostility to any right in the real owner" (Hinkley v State of New York, 234 NY 309, 316 [1922]; see Dekdebrun, 82 AD3d at 1646). "The purpose of the hostility requirement is to provide the title owner notice of the adverse claim through the unequivocal acts of the usurper' " (Bratone v Conforti-Brown, 150 AD3d 1068, 1070 [2d Dept 2017], lv denied 31 NY3d 902 [2018]).
The Strabel to Hillcrest deed demonstrated that defendants' use of the disputed property was permissive pursuant to the terms of that deed, which allowed property owners around Rushford Lake to use the stub trail at issue that was owned by Hillcrest. The acts of defendants in mowing the lawn, removing weeds, adding fill to the area, and planting trees were fully consistent with the intent of the Strabel to Hillcrest deed, which was to allow property owners to use the trails and stub trails and improve them when needed. The acts of defendants did not give Hillcrest a cause of action in ejectment inasmuch as Hillcrest was required under the terms of the deed to allow property owners such as defendants to use and maintain the trail (see generally Ray, 88 NY2d at 159).
We reject defendants' contention that their use of the disputed property was not permissive because the Strabel to Hillcrest deed allowed only back lot owners to use and maintain the stub trails, not lakefront owners such as defendants. As they note, the deed provides that "both the lake front property owners and those owners who do not have lake frontage [*3]property will equally co-operate in management and control and maintenance of the main trails which are used by and service the properties of both the lake front property owners and those not having lake frontage property; and that the termination of said trails, commonly known and designated as stubs, would be under the exclusive care and control of lot owners who do not have lake frontage property on Rushford Lake." It is clear from the overall language of the Strabel to Hillcrest deed, however, that the trails and stub trails were to be used by property owners in the Rushford Lake subdivision, and defendants were undeniably property owners in the subdivision. Moreover, even assuming, arguendo, that Hillcrest knew that the stub trail at issue had been maintained by someone, we conclude that it was not on notice of an adverse claim (see generally Bratone, 150 AD3d at 1070).
Plaintiff also established that permission to use the disputed property was never repudiated or renounced (see Palumbo, 295 AD2d at 936). Defendants rely on the Boundary Agreement, but Hillcrest was never on notice of that agreement. The Boundary Agreement was not presented to Hillcrest, filed in Hillcrest's chain of title, or approved by a court. Filing the Boundary Agreement in defendants' chain of title did not give Hillcrest notice of the adverse claim to the disputed property. Inasmuch as defendants' use of the disputed property was permissive and not hostile, that defeats defendants' claim of adverse possession (see generally Estate of Becker, 19 NY3d at 81-82; Corigliano, 56 AD3d at 1122).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court