Klein v Shawe (2025 NY Slip Op 04328)

Klein v Shawe

2025 NY Slip Op 04328

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

414 CA 24-00264

[*1]KEVIN KLEIN AND LISA KLEIN, PLAINTIFFS-APPELLANTS,
v
CHRISTINA R. SHAWE, DEFENDANT-RESPONDENT. 

THE KNOER GROUP, PLLC, BUFFALO (COLIN M. KNOER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
CHRISTINA R. SHAWE, DEFENDANT-RESPONDENT PRO SE. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered January 19, 2024 in an action pursuant to RPAPL article 15. The order, inter alia, denied the motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law, the motion is granted in part, the second and third ordering paragraphs are vacated, defendant's first through fourth counterclaims are dismissed, judgment is granted in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that plaintiffs are the owners in fee simple of the property at issue
and, as modified, the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action pursuant to RPAPL article 15 seeking a determination that they are the lawful owners of specified real property based on, inter alia, their adverse possession of that property. Plaintiffs moved for summary judgment on the complaint and dismissing defendant's counterclaims for quiet title, trespass, ejectment, and permanent injunction. Plaintiffs appeal from an order that, inter alia, denied their motion.
As an initial matter, we note that the pre-2008 version of the RPAPL applies here because plaintiffs' property title claims, as alleged in the complaint and the supporting documentation submitted by plaintiffs, would have vested before 2008 (see Rote v Gibbs, 195 AD3d 1521, 1523 [4th Dept 2021], appeal dismissed 37 NY3d 1106 [2021]; Perry v Edwards, 79 AD3d 1629, 1631 [4th Dept 2010]; Franza v Olin, 73 AD3d 44, 47 [4th Dept 2010]).
We agree with plaintiffs that Supreme Court erred in denying those parts of their motion with respect to the second cause of action, for adverse possession under a written instrument, and the third cause of action, for adverse possession not under a written instrument, and we therefore modify the order accordingly. "To establish a claim of adverse possession under the pre-2008 version of the RPAPL, a plaintiff is required to show that possession of the disputed property was: (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (Rote, 195 AD3d at 1523 [internal quotation marks omitted]; see Olivieri v Colosi, 129 AD3d 1540, 1541 [4th Dept 2015]; Reardon v Broadwell, 121 AD3d 1546, 1546 [4th Dept 2014]). "Because the acquisition of title by adverse possession is not favored under the law, these elements must be proven by clear and convincing evidence" (Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012] [internal quotation marks omitted]). In addition, where, as in the third cause of action here, the claim of right is not founded upon a written instrument, the party asserting title by adverse possession must establish "that the land was 'usually cultivated or improved' or 'protected by a substantial enclosure' " (id.). "The type [*2]of cultivation or improvement sufficient under the statute will vary with the character, condition, location and potential uses for the property . . . and need only be consistent with the nature of the property so as to indicate exclusive ownership" (City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 122-123 [4th Dept 1982], appeal dismissed 58 NY2d 824 [1983]; see Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159-160 [1996]).
Here, the evidence submitted by plaintiffs in support of their motion—namely, the affidavit of Kevin Klein (plaintiff), with attached exhibits—establishes their claims for adverse possession as a matter of law. Plaintiff's affidavit asserts that his family has continuously and exclusively used the disputed area since at least 1958 and that they have cultivated the disputed area since that time. Plaintiff further asserted that nobody other than his family and their guests were permitted to occupy or use the disputed area and that nobody other than his family or their contractors performed any maintenance or constructed any improvements on any portion of the disputed property. Accepted as true, those assertions establish that plaintiffs' possession of the disputed area was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for the statutory period (see Reardon, 121 AD3d at 1547; see generally Becker, 19 NY3d at 81). The assertions, if true, also establish that plaintiffs made improvements to the disputed area that were consistent with the nature of their property (see Montanaro v Rudchyk, 189 AD3d 1214, 1216 [2d Dept 2020]; cf. Ellicott Cr. Homeowners Assn., 86 AD2d at 122-123).
The burden of proof thus shifted to defendant to raise a triable issue of fact, and, even assuming, arguendo, that the court properly considered defendant's unsigned affirmation, we conclude that defendant failed to meet that burden (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). All of defendant's assertions pertained to a time period well after title to the disputed property vested in the adverse possessor and are therefore not relevant (see West v Hogan, 88 AD3d 1247, 1249 [4th Dept 2011], affd 19 NY3d 1073 [2012]). Evidence that plaintiffs offered to purchase the disputed property from defendant's predecessor did not raise an issue of fact with respect to whether plaintiffs' possession was hostile and under a claim of right inasmuch as an offer to purchase the disputed property will not negate the element of hostility or otherwise defeat a valid claim of adverse possession where, as here, that offer occurred after title to the disputed property vested in the adverse possessor (see Olivieri, 129 AD3d at 1541; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395 [3d Dept 2009], lv denied 14 NY3d 706 [2010]). Similarly, defendant's assertion that plaintiff had known of the boundary line dispute since he was a child provided no time frame for when plaintiff's family was made aware of the boundary dispute, and the assertion was thus conclusory and insufficient to raise a question of fact (see 2 N. St. Corp., 68 AD3d at 1395; see generally Petry v Gillon, 199 AD3d 1277, 1279 [3d Dept 2021]). 
Inasmuch as plaintiffs established their entitlement to summary judgment with respect to their second cause of action, for adverse possession under a written instrument, and their third cause of action, for adverse possession not under a written instrument, we conclude that the court erred in denying that part of their motion with respect to defendant's counterclaims for quiet title, trespass (see generally Kramer v Kleiber, 225 AD3d 1128, 1129 [4th Dept 2024]), ejectment (see generally Reiter v Landon Homes, Inc., 31 AD2d 538, 539 [2d Dept 1968], lv denied 24 NY2d 738 [1969]), and permanent injunction (see generally Rock Star Enters., LLC v Village of Sylvan Beach, 237 AD3d 1601, 1604 [4th Dept 2025]). We therefore further modify the order by granting that part of the motion with respect to defendant's counterclaims and dismissing those counterclaims and by vacating the second and third ordering paragraphs (see generally id.).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court